J-S15005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DENNIS JUBILEE | |
| Appellant | No. 219 EDA 2016 |

Appeal from the PCRA Order December 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014300-2011

BEFORE: BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                              **FILED APRIL 07, 2017**

Dennis Jubilee appeals *pro se* from the December 7, 2015 order[1] denying him PCRA relief. We affirm.

_____

[1] Appellant mailed his notice of appeal from prison, but mistakenly sent it to the trial court, which indicated that it received the *pro se* notice of appeal on January 4, 2016, within thirty days of the order's issuance. That trial court should have forwarded the timely notice of appeal to the Office of Judicial Records of the Court of Common Pleas of Philadelphia County, which now serves the criminal court. Pursuant to Pa.R.A.P. 905(a)(1), a notice of appeal "shall be filed with the clerk of the trial court." However, "If a notice of appeal is mistakenly filed in an appellate court, or is otherwise filed in an incorrect office within the unified judicial system, the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and upon payment of an additional filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed." Pa.R.A.P. 905(a)(4). The notice of appeal was mistakenly sent by this *pro se* litigant to the trial court, which is part of the unified judicial system, and that court should have transmitted it to the
*(Footnote Continued Next Page)*

On November 25, 2011, Appellant was charged with aggravated assault, possession of an instrument of crime, simple assault, and reckless endangerment, based upon the following. At around 10:00 p.m. on October 9, 2011, the victim, Jerald Matthews, was on the steps of a vacant house in the 4500 block of Wayne Avenue, Philadelphia, and was drinking a can of beer. Appellant, whom Mr. Matthews had known for about twenty years, approached him, said he wanted a can of beer, and stated that he planned to buy one.

Mr. Matthews nodded off to sleep, awaking about one minute later. At that time, Appellant was drinking a can of beer, and Mr. Matthews' can was missing. Mr. Matthews demanded that Appellant return the beer, and the two men argued. Appellant then placed the can down on the ground and told Mr. Matthews to touch it. When Mr. Matthews reached for that object, Appellant swung a knife at Mr. Matthews, inflicting a cut on the victim's jaw and neck that was about six-inches long. Mr. Matthews applied his shirt to the wound to stem the bleeding, quickly returned home, and called for an ambulance. He was transported to a hospital and underwent surgery. Appellant was on probation at the time of the crime.

*(Footnote Continued)* ────────────

appropriate filing office in Philadelphia County. Since Appellant is proceeding *in forma pauperis*, he was not required to file a fee, and we consider the notice of appeal as filed on the day it was received by the trial court.

On August 20, 2013, Appellant tendered a guilty plea to aggravated assault and possession of an instrument of crime. In return, the Commonwealth *nol prossed* the remaining charges and recommended a sentence of twelve and one-half to twenty-five years imprisonment, to be served currently with the sentence imposed on the violation of probation sentence. During the colloquy, the plea court noted that this crime was Appellant's third crime of violence and that he would have faced a twenty-five year minimum term, had the Commonwealth sought to apply 42 Pa.C.S. § 9714. **See** 42 Pa.C.S. § 9714(a)(2) ("Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement[.]"). After accepting Appellant's guilty plea, the court imposed the recommended sentence of twelve and one-half to twenty-five years in jail.

On July 9, 2014, Appellant filed a timely PCRA petition, counsel was appointed, and counsel filed a no-merit letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). After sending notice of its intent to dismiss the petition without a hearing, the PCRA court concluded that there was no merit to any issue raised in the *pro se* petition, Appellant was not entitled to PCRA relief, granted counsel's

request to withdraw, and denied the *pro se* PCRA petition. This appeal, which we will consider timely, **see** footnote 1, *supra*, followed. Appellant presents these issues for our review:

> I. Ineffective assistance of counsel for counsel's failure to properly investigate the mental health history of Appellant, to file a motion to suppress the statement of the "victim", and PCRA Counsel's failure to challenge the Guilty plea colloquy.
>
> II. Appellant was prejudiced by the failure of plea counsel to secure all of the evidence and statements of the parties involved.

Appellant's brief at 5.[2]

Initially, we note that this Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Roane**, 142 A.3d 79, 86 (Pa. Super. 2016) (quoting **Commonwealth v. Treiber,** 121 A.3d 435, 444 (Pa. 2015)). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. We will not disturb the PCRA court's findings unless the record fails to support those findings." **Commonwealth v. Patterson**, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted).

---

[2] These issues were presented in Appellant's PCRA petition. In his brief, these two issues appear under the heading "Summary of the Argument." However, since the page in the brief actually mimics the "Statement of Questions Involved," we will treat it as such.

The first position that Appellant advances in his brief is an assertion that plea counsel ineffectively induced his plea by neglecting to investigate his mental history of schizophrenia and bi-polar disorder. Appellant suggests that plea counsel's ineffectiveness in this respect induced his guilty plea since his mental state presented a defense to the *mens rea* elements of the crimes.

In order to obtain relief based upon ineffective assistance of counsel, the defendant must demonstrate: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." **Patterson**, **supra** at 397-98. "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." **Id**. at 397 (citation omitted); **accord Commonwealth v. Fears**, 86 A.3d 795, 806–07 (Pa. 2014) (citation omitted) ("Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea."). "The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Patterson**, **supra** at 397 (citation omitted).

The record belies the assertion that counsel was unaware of Appellant's mental health history as well as the fact that Appellant's mental health provided a defense herein. Appellant informed the plea court that he had been diagnosed with, "Schizoid effect." N.T. Guilty Plea, 8/20/13, at 5. Appellant then represented that it had been successfully treated with "therapy and medication." *Id*. at 5. Appellant was taking two medications for the disorder when he entered the plea, but explained that the medicines did not affect his ability to participate and understand the plea proceeding. This representation was confirmed by Appellant's responses which were cogent and intelligent to the plea court's inquiries.

Mental illness, as a defense to a crime, is contained in 18 Pa.C.S. § 314:

> **(a) General rule.**—A person who timely offers a defense of insanity in accordance with the Rules of Criminal Procedure may be found "guilty but mentally ill" at trial if the trier of facts finds, beyond a reasonable doubt, that the person is guilty of an offense, was mentally ill at the time of the commission of the offense and was not legally insane at the time of the commission of the offense.

18 Pa.C.S. § 314(a). A person is mentally ill if "as a result of mental disease or defect, lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law." 18 Pa.C.S. § 314(c)(1). Legal insanity is defined as follows: "At the time of the commission of the act, the defendant was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of

- 6 -

the act he was doing or, if he did know it, that he did not know he was doing what was wrong." 18 Pa.C.S. § 314(c)(2).

Appellant represented at the plea hearing that his mental illness had been successfully treated with medication and therapy. His answers to the questions posed during the plea colloquy confirmed that portrayal of his mental state. Thus, Appellant admitted at the plea colloquy that he was neither mentally ill nor legally insane. As we have repeatedly articulated:

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.
>
> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.
>
> A defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa.Super. 2011) (citation omitted). Herein, Appellant is bound by his statement that his mental illness had been successfully treated, and he cannot now charge plea counsel with ineffectiveness for failing to defend these charges on the basis of his mental health.

- 7 -

As outlined *supra*, Appellant's second claim, in the first issue that he raises in his statement of issues involved in this appeal, is plea counsel was ineffective for not filing a motion to suppress the statement of the victim. However, a victim's statement cannot be suppressed; a defendant can obtain suppression of his own statement or other evidence if it was obtained unconstitutionally. In addition, the record indicates that Appellant made no statement, and there was no other evidence involved herein. The victim's statement clearly made out the elements of the crimes in question.

Appellant's third position in his first statement of issues involved in this appeal is that counsel should have challenged the guilty plea colloquy. In his brief, he fails to specify how the colloquy was defective, and our review indicates that it was thorough and conformed to the law. We therefore cannot grant relief on this basis.

In his second statement of issues involved in this appeal, Appellant claims he was prejudiced by plea counsel's failure to secure all of the evidence and statements of the parties involved. The evidence of the crime in this case was premised upon one statement, that of the victim. Mr. Matthews's version of events was clearly articulated in the affidavit of probable cause and established the elements of the crimes of aggravated assault and possession of an instrument of crime.

In his brief, at pages eight through nine, Appellant raises another contention. He avers that there are missing portions of the record, and, due

to these purportedly missing items, the government has interfered with his ability to present claims. Our review of the certified record indicates that it is complete, and Appellant does not identify what item it is lacking. The problem with Appellant's arguments, as outlined above, is that they are actually belied by the documents that the record does contain. No evidence was procured by police interrogation or search, and there was nothing to suppress. There was only one witness, whose statement appears in the affidavit of probable cause. The plea colloquy is contained in the record and was available to Appellant, and he was able to direct this Court to any deficit in it. Hence, we disagree with Appellant's second position, which is that legal material is missing, which interfered with his ability to seek PCRA relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2017