J-S41035-16

2016 PA Super 140

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLIE PATTERSON, | |
| Appellant | No. 773 EDA 2015 |

Appeal from the PCRA Order February 19, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0007382-2011

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED JUNE 29, 2016**

Appellant Charlie Patterson ("Appellant") appeals from the order entered in the Court of Common Pleas of Montgomery County, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We vacate and remand.

On June 10, 2013, Appellant entered into an open guilty plea to the charge of possession of a controlled substance (marijuana) with the intent to deliver.[1]   During the colloquy, Appellant acknowledged that his lawyer informed him of the Commonwealth's intention to seek imposition of a five-year statutory mandatory minimum sentence[2] from which the judge would have no power to deviate under the law.  N.T., 6/10/13, at 5.  Plea Counsel

---

[1] 35 P.S. § 780-113(a)(30).
[2] 18 Pa.C.S. § 7508(a)(iii).

*Former Justice specially assigned to the Superior Court.

likewise referred to the applicability of the "mandatory minimum sentence" throughout the hearing, and the court also informed Appellant that it "would be constrained on some level, because the Commonwealth is going to file the mandatory minimum." N.T. at 13-14.

One week later, on June 17, 2013, the United States Supreme Court decided **Alleyne v. United States**, 133 S.Ct. 2151 (2013), in which it held for the first time that any fact triggering a mandatory minimum sentence must first be submitted to a jury and proved beyond a reasonable doubt. Nevertheless, the Commonwealth subsequently filed its "Notice of Intent to Seek Mandatory Sentence," referencing the statutory mandatory minimum sentence of five years' incarceration and a mandatory minimum fine of $50,000.

At the sentencing hearing of September 6, 2013, however, the court acknowledged that the Commonwealth and Appellant had reached a negotiated agreement for a term of incarceration of four to eight years with no fine. There is no indication in the transcript that the **Alleyne** decision influenced this change in course or that Appellant was aware of the decision's implications, and, in fact, statements by the court imply that the statutory mandatory minimum remained applicable as a matter of course and would have been implemented as indicated during the guilty plea but for the "eminently reasonable" decision of the Commonwealth to "waiv[e]" its right to enforce it. N.T., 9/6/13, at 2, 5. The court accepted the negotiated

- 2 -

agreement and imposed sentence accordingly. Plea counsel filed neither a post-sentence motion nor a direct appeal.

On September 15, 2014, Appellant filed a *pro se* petition for relief under the PCRA, and the court appointed PCRA counsel. PCRA counsel filed an amended petition on November 24, 2014 averring that plea counsel's ineffective failure to advise Appellant of the **Alleyne** decision and its potential impact on his case induced Appellant to plead guilty. Most pertinent to the present appeal are the following two averments contained in the amended petition:

> 9. The petitioner alleges that the law provided to him by defense counsel and the court prior to his plea on the issue of mandatory minimums has now been declared unconstitutional.
>
> 10. The petitioner likewise alleges that the guarantees of a 5-10 year sentence and a $50,000 fine induced him to agree to a sentence of 4-8 years with no fine.

Amended Petition, 11/24/24 at 2-3.

The Commonwealth filed an answer to the amended petition in which it argued that plea counsel could not have been ineffective as alleged, for **Alleyne** was not decided until after Appellant entered his June guilty plea. It is well-settled, the Commonwealth maintained, that a court may not deem counsel ineffective for failing to anticipate changes in the law. The PCRA court agreed, discerning only a challenge to the June guilty plea in counsel's amended petition for which the law could provide no relief. See PCRA Court Order, filed 1/13/15, at p 7, ¶¶ 31 and 32. Accordingly, the court dismissed

Appellant's petition without an evidentiary hearing. This timely appeal followed.

Appellant raises two discrete claims of unlawful inducement of his guilty plea and negotiated sentence. The first claim contends the threat of receiving a mandatory minimum scheme at Section 7508(a)(iii), which has since been held unconstitutional in light of *Alleyne*, induced him to plead guilty. The second claim asks for a remand to enable Appellant, through newly-appointed, present counsel, to address whether plea counsel was ineffective for failing to either challenge the negotiated sentence or file a motion to withdraw Appellant's plea altogether given the ramifications of *Alleyne*.

> "Our standard in reviewing a PCRA court order is abuse of discretion. We determine only whether the court's order is supported by the record and free of legal error." *Commonwealth v. Battle*, 883 A.2d 641, 647 (Pa.Super. 2005). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140, (Pa.Super. 2002). We will not disturb the PCRA court's findings unless the record fails to support those findings. *Id.*

> "A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Id.* at 141. "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." *Commonwealth v. Kersteter*, 877 A.2d 466, 468 (Pa.Super. 2005).

> > We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. *See* [*Commonwealth v.*] *Lynch*[, 820 A.2d 728, 732

(Pa.Super. 2003)]. "The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** at 733 (*quoting **Commonwealth v. Hickman**,* 2002 PA Super 152, 799 A.2d 136, 141 (Pa.Super. 2002)).

In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326, 333 (Pa.1999). Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Id.*** The petitioner bears the burden of proving all three prongs of the test. ***Commonwealth v. Meadows***, 567 Pa. 344, 787 A.2d 312, 319–20 (2001).

***Commonwealth v. Johnson***, 868 A.2d 1278, 1281 (Pa.Super. 2005).

***Kersteter***, 877 A.2d at 469–69[sic]. Moreover, trial counsel is presumed to be effective. ***Commonwealth v. Carter***, 540 Pa. 135, 656 A.2d 463, 465 (1995).

***Commonwealth v. Rathfon***, 899 A.2d 365, 368–69 (Pa.Super. 2006).

Additionally,

With regard to prejudice, in ***Hickman****,* we noted that "[t]o succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial. *The 'reasonable probability' test is not a stringent one.*" ***Hickman***, 799 A.2d at 141 (citations omitted; emphasis added). The Court in ***Hickman*** derived this standard from ***Nix v. Whiteside***, 475

- 5 -

U.S. 157, 175, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986), which held that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Id.* at 369–70.

Appellant first asks us to invalidate his June guilty plea because it was the product of undue pressure from a mandatory minimum statutory scheme subsequently declared unconstitutional. In order to prevail on this underlying claim as presented, Appellant must establish that plea counsel provided ineffective assistance of counsel in advising him to plead guilty at the June guilty plea hearing. In the strictest sense, the PCRA court correctly observed that it could not deem counsel ineffective for failing to anticipate the United States Supreme Court's subsequent decision in *Alleyne*. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1201 (Pa. 2012) (recognizing "counsel will not be faulted for failing to predict a change in the law.").

However, Appellant's argument goes beyond this discrete claim, and his two issues coalesce, as did the averments in his amended PCRA complaint, to advance the more nuanced position that counsel's failure to advise him of *Alleyne* during the September sentencing negotiations affected his decision not only to accept the Commonwealth's offer of sentence but also, by implication, to proceed with his guilty plea. Specifically, by way of its ninth and tenth paragraphs, reproduced *supra*, counsel's amended complaint alleging ineffective inducement incorporated both the pre-*Alleyne* June guilty plea itself and the post-*Alleyne* negotiated agreement to a four to eight year sentence with no fine, which the

sentencing court accepted. Therefore, we reject the position taken by the PCRA court and Commonwealth that Appellant directed his amended complaint exclusively to plea counsel's representation at his June guilty plea.

In his amended petition, Appellant, through counsel, averred that plea counsel's failure to advise him properly of **Alleyne**'s applicability to his case caused him to agree to a sentence of four to eight years as part of his guilty plea without understanding his sentencing options. The clear implication of this assertion is that Appellant would not have accepted the Commonwealth's offer of sentence had he known he would not be subject to a mandatory five year sentence given the constitutional infirmities of mandatory sentencing statutes such as Section 7508(a)(iii). Moreover, it is not unreasonable to infer from the assertion in paragraph 10, especially when read in context of the broader petition assailing his guilty plea, that Appellant would also have withdrawn his plea at that time.

It remains for the PCRA court, however, to conduct an evidentiary hearing to determine whether counsel did, in fact, fail to advise Appellant about **Alleyne**'s applicability to his case. The record of the sentencing hearing, which contains multiple references to the favorability of the negotiated sentence over the mandatory minimum sentence that could otherwise apply, supports Appellant's position sufficiently to warrant remand, where he may present evidence that he agreed to the negotiated sentence only under the undue influence of an unconstitutional mandatory minimum sentencing scheme. Proof of such prejudice stemming from

counsel's failure to advise him properly of the law would entitle Appellant to a new sentencing hearing. An additional showing that Appellant would have withdrawn his guilty plea altogether had counsel properly advised him of **Alleyne** and the effect it could have on his sentencing would entitle him to withdraw his guilty plea. **See Commonwealth v. Melendez-Negron**, 123 A.3d 13, 15-20 (Pa.Super. 2014) (affirming order vacating sentence in light of **Alleyne**, but also vacating guilty plea and remanding for further proceedings where unconstitutional mandatory minimum statute influenced a plea and negotiated sentence).

Order vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/2016