**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL TELLEED ROSS, | : | |
| | : | |
| Appellant | : | No. 2972 EDA 2015 |

Appeal from the PCRA Order September 4, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009616-2013

BEFORE:   FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED JANUARY 12, 2017**

Michael Telleed Ross (Appellant) appeals from the order that dismissed without a hearing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We vacate the order and remand for further proceedings consistent with this memorandum.

On September 18, 2013, Appellant entered a negotiated plea, under which he pled guilty to possession with intent to deliver and conspiracy in exchange for a sentence of one and one half to five years of incarceration followed by five years of probation.  He filed no direct appeal,[1] but timely filed a PCRA petition on November 15, 2013.  Counsel filed an amended

---

[1] Appellant, *pro se*, filed a motion for reconsideration of sentence on September 30, 2013.  The docket does not reflect that it was forwarded to counsel as required by Pa.R.Crim.P. 576(a)(4), and no action was taken on the motion.  However, Appellant does not present us with any claim regarding the handling of that motion.

*Retired Senior Judge assigned to the Superior Court.

petition on December 8, 2014. After issuing notice of its intent to dismiss the petition without a hearing under Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's petition by order of September 4, 2015. Appellant timely filed a notice of appeal. Thereafter, Appellant and the PCRA court both complied with Pa.R.A.P. 1925.

Appellant presents this Court with one issue: "Did the [PCRA] court err in denying [A]ppellant an evidentiary hearing when [A]ppellant raised a material issue of fact showing that trial defense counsel at the guilty plea hearing was ineffective?" Appellant's Brief at 2.

> Our standard of review of a trial court order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Perez*, 103 A.3d 344, 347 (Pa. Super. 2014) (internal citation and quotation marks omitted).

Appellant's argument is that he is entitled to a hearing on his claim that his sentence resulted from plea counsel's ineffective assistance. Appellant's Brief at 5-8. We begin by noting that a "PCRA petitioner is not entitled to an evidentiary hearing as a matter of right, but only where the petition presents genuine issues of material fact." *Commonwealth v. Keaton*, 45 A.3d 1050, 1094 (Pa. 2012).

The following legal principles apply to Appellant's claim.

A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty.

We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

*Commonwealth v. Patterson*, 143 A.3d 394, 397–98 (Pa. Super. 2016) (internal quotation marks and citations omitted).

Appellant's claim revolves around the interplay of the mandatory minimum sentencing statute implicated in his case and the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

In *Alleyne*, the Court held that because mandatory minimum statutes create increased penalties as a matter of law, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" to be determined under the reasonable-doubt standard. *Alleyne*, 133 S. Ct. at

2155.  Section 7508 of the Crimes Code, referenced in the criminal information filed against Appellant, provided different mandatory minimum sentences for drug crimes, depending upon the type and weight of drug at issue, as well as whether the defendant had prior convictions.  For a person who had a prior drug-trafficking conviction and possessed between two and ten grams of cocaine, a three-to-six-year mandatory minimum sentence applied.  18 Pa.C.S. § 7508(a)(3)(i).

Appellant, believing that he was facing three to six years of imprisonment if convicted, agreed to plead guilty in exchange for a sentence of one and one half to five years of confinement.  In seeking collateral review of this sentence, Appellant claims that his counsel was ineffective in failing to advise him about the unconstitutionality of section 7508. Specifically, Appellant claims that counsel did not tell him that he could "take an open plea," PCRA Petition, 11/15/2013, at ¶ 5, and that a non-negotiated sentence entered pursuant to the sentencing  guidelines applicable in lieu of section 7508 would have been "more lenient."  Appellant's Brief at 6.

In addressing Appellant's claim, the PCRA court first noted that no court had applied *Alleyne* to invalidate section 7508 before Appellant entered his guilty plea and was sentenced on September 18, 2013.  PCRA Court Opinion, 12/2/2015, at 4.  Thus, the PCRA court held Appellant's "claim that trial counsel should have anticipated this change in the law is without merit."  *Id.*  Further, the PCRA court, without holding a hearing to

determine counsel's basis for failing to advise Appellant of the implications of the *Alleyne* decision, concluded that "it was not patently unreasonable of counsel to advise his client based upon the sentencing schemes as they were written and applied at the time of [Appellant's] plea." *Id.* Finally, the PCRA court opined that Appellant failed to show prejudice because he received a sentence below the mandatory minimum provided by section 7508 and, if counsel had advised Appellant against accepting the Commonwealth's offer, Appellant would have received the higher mandatory minimum sentence. *Id.*

The PCRA court's analysis is legally erroneous. *Alleyne* was decided on June 17, 2013. On August 6, 2013, the Commonwealth filed the criminal information against Appellant, therein indicating that it intended to proceed under the mandatory minimum sentencing provisions of section 7508. Section 7508 stated that its provisions "shall not be an element of the crime," but, rather, "shall be determined at sentencing" by the judge "by a preponderance of the evidence." 18 Pa.C.S. § 7508(b). Thus, *Alleyne* rendered section 7508 unconstitutionally infirm.

*Alleyne*, which was the applicable law for the duration of the prosecution of Appellant's case in the trial court, was itself the change in the law, not the subsequent decisions that applied its holding to specific Pennsylvania statutes that were in direct conflict. Counsel did not have to

predict the future; rather, he had to be aware that the law applicable to his client's case had changed. Thus, the claim has arguable merit.

Furthermore, Appellant has averred that counsel's ineffectiveness led to his entering an unknowing and unintelligent guilty plea, and that he would have received a less severe sentence had counsel rendered constitutionally-adequate assistance. PCRA Petition, 11/15/2013, at ¶ 5; Appellant's Brief at 6. These are sufficient allegations to create issues of material fact as to the remaining prongs of Appellant's claim.

Accordingly, we remand this case for a hearing on Appellant's claim. *See Commonwealth v. Walls*, 993 A.2d 289, 296–97 (Pa. Super. 2010) ("[W]hen an arguable claim of ineffective assistance of counsel has been made, and there has been no evidentiary hearing in the [PCRA court] to permit the defendant to develop evidence on the record to support the claim, and to provide the Commonwealth an opportunity to rebut the claim, this Court will remand for such a hearing.").

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

P.J.E. Ford Elliott joins.

Judge Stabile files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 1/12/2017