J-S26002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JACQUES SHMELYN FOREUS | |
| Appellant | No. 1395 MDA 2016 |

Appeal from the PCRA Order July 20, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000007-2015

BEFORE:  BOWES, DUBOW, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                   **FILED MAY 23, 2017**

Jacques Shmelyn Foreus appeals from the July 20, 2016 order denying him PCRA relief.  We affirm.

Based upon the following events, on November 23, 2014, Appellant was charged with conspiracy and aggravated assault graded as second-degree felonies.  At approximately 10:30 p.m. on November 22, 2014, Chambersburg police were called to the scene of an active fight on King Street.  Their investigation revealed that Appellant and his brother, John, had assaulted Keemkwing Mathurin, III, with a deadly weapon by striking him with a beer bottle.  "Several witnesses advised [police] that both subjects punched the victim several times in the head and then struck the victim in the head with a beer bottle."  Affidavit of Probable Cause,

---

* Former Justice specially assigned to the Superior Court.

11/23/14, at 1. Mr. Mathurin went to the emergency room and received multiple stitches. During his interview with police, Mr. Mathurin confirmed that his assailants were Appellant and John.

On February 12, 2015, Appellant pled guilty in this action to simple assault graded as a second-degree misdemeanor. During that proceeding, he simultaneously tendered a *nolo contendere* plea in another case, action number 1664 of 2014, to riot graded as a third-degree felony. The plea colloquy indicates that the riot offense was based on events occurring during the night of May 20, 2014, and the morning of May 21, 2014, when Chambersburg police were twice dispatched to a residence about noise complaints. Appellant was with a group of five to seven people, became confrontational with the police, and refused to disperse when ordered to do so. People in the group tried to interfere when police arrested Appellant.

After entering his guilty/*nolo contendere* plea in the cases, Appellant was sentenced to time served of seventy-seven days to eleven months imprisonment, and was immediately paroled. On November 25, 2015, Appellant filed a timely, counseled PCRA petition. In his PCRA petition, Appellant averred the following. He is a citizen of Haiti and not the United States of America, and plea counsel failed to advise him of the immigration consequences of entering the plea in question. In July 2015, Appellant was taken into custody by Immigration and Customs Enforcement and charged with removability from the United States due to the convictions resulting

from his February 12, 2015 guilty/*nolo contendere* plea. Appellant argued that he was entitled to withdraw the guilty/*nolo contendere* plea under ***Padilla v. Kentucky***, 559 U.S. 356 (2010), wherein the United States Supreme Court ruled that plea counsel is constitutionally ineffective if counsel fails to inform a defendant of the immigration consequences of entering a guilty plea to a crime.[1]

A hearing was held on the PCRA petition, but Appellant failed to request that the proceeding be transcribed so that a transcript of the hearing is not contained in the certified record. Nevertheless, that default does not interfere with our ability to review this matter, and we do not need to order transcription of the PCRA hearing. Specifically, the PCRA court, Appellant, and the Commonwealth, in responding to Appellant's request for PCRA relief, were all in accord as to the substance of plea counsel's testimony at that proceeding. Counsel reported that he told Appellant that there might be deportation consequences to entry of the guilty/*nolo contendere* plea but counsel was not knowledgeable about immigration law. Counsel advised Appellant that he should consult an immigration attorney before entering his guilty/*nolo contendere* plea. Appellant acknowledged being told by plea

---

[1] We note that, "It is well established that a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case." ***Commonwealth v. V.G.***, 9 A.3d 222, 226 (Pa.Super. 2010).

counsel to obtain the advice of a lawyer versed in immigration law. The PCRA court concluded that plea counsel's advice satisfied the mandates of *Padilla* and denied relief. This appeal, wherein Appellant presents this contention, followed:

> Whether the trial court erred in denying Appellant's Petition for Post Conviction Relief given that Appellant's counsel was aware of Appellant's noncitizen immigration status, had represented over 20 other noncitizen defendants in prior criminal guilty pleas, and simply advised Appellant to seek advice from an immigration attorney, without himself ever conferring with immigration counsel, prior to advising Appellant to plead guilty [/*nolo contendere*]?

Appellant's brief at 4. [2]

Initially, we note that this Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Roane*, 142 A.3d 79, 86 (Pa.Super. 2016) (quoting *Commonwealth v. Treiber,* 121 A.3d 435, 444 (Pa. 2015)). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. We will not disturb the PCRA court's findings unless the record fails to support those findings." *Commonwealth v. Patterson*, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted).

---

[2] We note our disapproval of the fact that the Commonwealth has failed to fulfill its responsibility of filing a brief with this Court.

In order to obtain relief based upon ineffective assistance of counsel, the defendant must demonstrate: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Id*. at 397-98. "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." *Id*. at 397 (citation omitted); *accord Commonwealth v. Fears*, 86 A.3d 795, 806–07 (Pa. 2014) (citation omitted) ("Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.").

Herein, Appellant complains that plea counsel's advice was inadequate. Specifically, he argues that it was insufficient that counsel warned him that there might be immigration consequences to entering the guilty/*nolo contendere* plea and told him to speak with an immigration lawyer before entering it. He suggests that his guilty/*nolo contendere* plea is infirm under *Padilla* because that decision requires plea counsel to research immigration law and properly advise a client. Appellant maintains that he is subject to automatic deportation due to entry of the guilty/*nolo contendere* plea and plea counsel rendered ineffective assistance in not researching the

immigration issue. Appellant's brief at 9 ("The holding in **Padilla** was made with intention of providing defense attorneys the proper incentive to research immigration issues to discuss with their clients, and to ensure that noncitizens ultimately receive advice tailored to their particular situation whenever possible.").

We disagree with Appellant's assertion that the **Padilla** holding requires a criminal attorney to learn immigration law and tailor advice specifically to the client's situation. We conclude that plea counsel's advice that it was a possibility that Appellant could be deported due to entry of the plea, coupled with counsel's admonition to consult with an immigration lawyer, was sufficient to satisfy the mandates of **Padilla** in this case.

In **Padilla**, the defendant, a noncitizen, had been a legal resident of the United States in excess of forty years. Padilla pled guilty to distributing drugs. During his post-conviction proceeding, Padilla maintained that his guilty plea was induced by ineffective assistance of plea counsel. Specifically, plea counsel not only failed to advise Padilla that he faced deportation due to entry of the plea, counsel actually informed him that he did not need to concern himself about being deported since he had lived in this country for such a long period. However, the plea in question was entered to a crime that results in automatic deportation.

The state court refused to allow Padilla to withdraw his guilty plea, reasoning that counsel does not render ineffective assistance under the Sixth

Amendment by offering incorrect deportation advice because deportation is a collateral consequence of a conviction. The United States Supreme Court disagreed, holding that deportation is not a collateral consequence of entering a guilty plea. It observed that the ability to remain in this country is of great concern to a defendant and may be more important to him than the potential jail term. The **_Padilla_** Court also reviewed the history of federal immigration law and noted that deportation "as a consequence of a criminal conviction" had a "close connection to the criminal process" and could not be characterized as a mere collateral consequence of entry of a plea. **_Padilla_**, 559 U.S. at 366.

The United States Supreme Court also noted that the immigration law clearly provided for automatic removal for the offense to which Padilla pled guilty, stating that "the terms of the relevant immigration statute are succinct, clear, and explicit in defining the [automatic] removal consequence for Padilla's conviction." **_Id_**. at 368. The Nation's High Court recognized that deportation law can be nuanced and may not be entirely clear as to whether a defendant will be removed from the county due to commission of the crime. The **_Padilla_** Court outlined:

> Immigration law can be complex, and it is a legal specialty of its own. Some members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not be well versed in it. There will, therefore, undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of the private practitioner in such cases is more limited. When the law

> is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear.

*Id.* at 369 (footnote omitted).

Clearly, this language does not impose a mandatory duty on defense counsel to learn the specifics of immigration law and "research immigration issues," as suggested by Appellant. Appellant's brief at 9. Instead, only when the immigration law is truly clear that the offense will result in automatic deportation must the defendant be so advised. On the other hand, where the law is not succinct and straightforward, plea counsel merely must warn a client that there are immigration consequences to a criminal conviction.

In the present case, the critical problem with Appellant's argument is that he makes no effort to examine the pertinent immigration law and establish that his guilty/*nolo contendere* plea to the offenses of simple assault and riot clearly, succinctly, and explicitly mandated removal, as did the conviction examined in **Padilla**. Thus, under that United States Supreme Court decision, Appellant only had to be advised that there were possible immigration consequences flowing from entry of the plea. While Appellant claims that he was not informed by plea counsel that his guilty/*nolo contendere* plea carried immigration consequences, this claim is

contradicted by his concession that he was told to consult with an immigration lawyer. Simply put, if there were no immigration consequences to entering the plea in question, then there would have been absolutely no need for Appellant to obtain advice from an attorney knowledgeable in immigration law. Appellant thus, by his own concession herein, knew that there was a possibility of deportation from entry of the guilty/*nolo contendere* plea.

Our decision in **Commonwealth v. Wah**, 42 A.3d 335 (Pa.Super. 2012), is controlling. Therein, Wah entered a negotiated guilty plea to forgery and Medicaid fraud by illegally receiving funds in excess of $10,000. He was a citizen of Liberia and was aware that his guilty plea could affect his immigration status as a legal resident alien. Federal immigration law provides for deportation for commission of an aggravated felony where the loss exceeded $10,000.

Wah averred that he was facing mandatory and automatic removal from this country due to entry of the plea, and that he was entitled to withdraw his guilty plea under **Padilla**. This Court in **Wah** observed that plea counsel had advised Wah, before entry of the plea, that immigration consequences could flow from the plea's entry and that Wah should consult an immigration lawyer. We concluded plea counsel's warning was sufficient to satisfy the mandates of **Padilla** and that Wah's plea was not induced by

ineffective assistance of counsel in connection with the proffered immigration advice.

Wah maintained that plea counsel had a non-delegable duty to ascertain the immigration law, and that a cursory review of the immigration statutes would have revealed that his plea to Medicaid fraud in an amount greater than $10,000 would be deemed an aggravated felony and subject him to automatic removal from the country. We rejected that position, noting that it was not clear whether Medicaid fraud was an "aggravated felony," as outlined in the applicable federal statutes.

The **Wah** Court therefore found "that counsel acted within the range of professionally competent assistance when he recommended that appellant seek the advice of an expert in immigration law if he desired to know the specific consequences of his guilty plea." **Id**. at 341; **accord Commonwealth v. Ghisoiu**, 63 A.3d 1272, 1273–74 (Pa.Super. 2013) (finding that plea counsel was not ineffective under **Padilla** where defendant was told entry of guilty plea could carry immigration consequences and to seek advice from immigration lawyer). Herein, **Wah** and **Ghisoiu** apply, and counsel did not ineffectively induce Appellant's plea because counsel informed Appellant that there might be immigration consequences to entry of the guilty/*nolo contendere* plea and to consult with an immigration lawyer. The PCRA court therefore did not abuse its discretion in denying relief under **Padilla**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/23/2017