J-S39039-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH DUANE HUSBAND, | : | |
| | : | |
| Appellant | : | No. 81 WDA 2017 |

Appeal from the PCRA Order December 22, 2016
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0000738-2013

BEFORE:    BENDER, P.J.E., BOWES, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED SEPTEMBER 6, 2017**

Kenneth Duane Husband (Appellant) appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we affirm.

On June 30, 2014, Appellant entered a negotiated plea, under which he pled guilty to several sexual offenses stemming from the sexual abuse of his four biological daughters, in exchange for a sentence of 15 to 30 years' incarceration followed by five years of probation. [1,2]  He filed no direct appeal, but timely filed a PCRA petition on June 19, 2015.  Counsel was appointed and filed an amended petition on September 9, 2015.  A hearing

---

[1] In addition, the Commonwealth agreed not to press charges against Appellant's wife, or to explore and/or file additional charges against Appellant for the abuse of two other victims.

[2] On November 18, 2014 the trial court determined Appellant was a sexually violent predator ("SVP") pursuant to 42 Pa.C.S. § 9799.24.

*Retired Senior Judge assigned to the Superior Court.

was held on July 20 and August 9, 2016. Following the hearing the trial court issued an opinion and a notice to dismiss under Pa.R.Crim.P. 907.[3] Appellant responded, and the PCRA court ultimately dismissed Appellant's petition by order of December 22, 2016. Appellant timely filed a notice of appeal. Thereafter, Appellant and the PCRA court both complied with Pa.R.A.P. 1925.

Appellant states the following issues for this Court's consideration:

I.    Did the [PCRA] court err in concluding that trial counsel had a reasonable basis in failing to discuss the possible implications of the United States Supreme Court decision regarding mandatory sentences under [**Alleyne v. United States**, 133 S.Ct 2151 (2013)].

II.   Did the [PCRA] court err by determining that [Appellant] was not prejudiced by counsel failing to discuss the implications of the possible changes in mandatory sentences prior to the plea or following the plea regarding a possible appeal?

III.  Did the [PCRA] court err in determining that the Commonwealth would be prejudiced based upon the rationale that the child victims would be put through trem[e]ndous strain and stress if they were forced to testify at trial?

Appellant's Brief at 4 (unnecessary capitalizations removed).

Our standard of review of a trial court order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. The

---

[3] A notice pursuant to Pa.R.Crim.P 907 is only required if the PCRA court intends to dismiss a petition **without** a hearing.

PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Perez**, 103 A.3d 344, 347 (Pa. Super. 2014) (internal citation and quotation marks omitted). Furthermore, "[i]t is well-settled that this Court may affirm on any basis." **Commonwealth v. Clouser**, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).

Appellant's argument is that he is entitled to relief based upon his claim that his guilty plea and sentence resulted from plea counsel's ineffective assistance. Appellant's Brief at 11. The following legal principles apply to Appellant's claim.

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty.
>
> We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

*Commonwealth v. Patterson*, 143 A.3d 394, 397–98 (Pa. Super. 2016) (internal quotation marks and citations omitted).

Appellant's claims revolve around the United States Supreme Court's decision in *Alleyne*. [4]  Specifically, Appellant avers his counsel was ineffective for failing to advise him of the *Alleyne* decision and "discuss the possible implications of the mandatory sentence that was imposed." Appellant's Brief at 11.

Upon review, we find Appellant's claim lacks arguable merit.  The record indicates that Appellant was **not** sentenced to a mandatory minimum. Appellant, the Commonwealth, and the PCRA court all agree that Appellant received a pre-determined sentence of 15 to 30 years as a result of a **negotiated** plea deal.  *See* Appellant's Brief at 11; Commonwealth's Brief at 2; Trial Court Opinion, 11/10/2016, at 4.  This was reiterated at the PCRA hearing. *See* N.T., 7/20/2016, at 11-12, 27.  Further, the Commonwealth never filed a notice of intent to seek mandatory minimum sentences in this case, the sentencing guideline form for the charge at issue stated Appellant was receiving a standard range sentence as a result of a negotiated plea deal, and Appellant's amended commitment form specifically noted that

---

[4] In *Alleyne*, the Court held that because mandatory minimum statutes create increased penalties as a matter of law, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" to be determined under the reasonable-doubt standard.  *Alleyne*, 133 S. Ct. at 2155.

Appellant was not receiving a mandatory sentence. ***See*** Sentencing Guideline Form for Count 1, Rape of a Child; Amended Commitment Form, 5/6/2015.

We are aware that, when creating the agreed-upon aggregate term of incarceration, the Commonwealth recommended a 10 to 20 year sentence at Count 1, rape of a child (18 Pa.C.S. § 3121(c)), which comported with the mandatory minimum provided at 42 Pa.S.C. § 9718. ***See*** N.T., 6/30/2014, at 2 ("[A]t Count 1, the Commonwealth is recommending a sentence of 10 to 20 years' incarceration, which is a mandatory penalty here"). ***See also id.*** at 15 ("The sentence appears to meet the mandatories, and it results from a plea bargain.").

However, the record reveals that this sentence fell within the applicable guidelines and was not imposed subject to 42 Pa.S.C. § 9718.[5] That the mandatory minimum and the legally imposed sentence are the same does not mean a mandatory was imposed. Moreover, the sentence was part of the plea deal in which several counts received no further penalty, several were dismissed, and the Commonwealth agreed not to press charges against Appellant's wife or seek additional charges against him. His deal was for an aggregate term; in what manner the court reached that aggregate was irrelevant. For all the foregoing reasons, Appellant has failed

_____

[5] Based upon Appellant's prior record and offense gravity score the standard range sentence for this count was 72 to 240 month's incarceration.

to convince this Court that Appellant's sentence included a mandatory minimum which required counsel to advise Appellant of any ***Alleyne*** implications that would have resulted from such a sentence.

Nor has Appellant proven that he was prejudiced by counsel's perceived shortcomings. Even giving Appellant all reasonable inferences, Appellant has failed to argue that but for counsel's ineffectiveness, he would not have pled guilty.

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel['s] advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002) (citations and quotation marks omitted). ***See also Commonwealth v. Hanible***, 30 A.3d 426, 439 (Pa. 2011) ("To establish the prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness.").

In this case, plea counsel testified that based upon the circumstances of the case, the evidence the Commonwealth had, and the amount of charges Appellant was facing, he felt it was in the best interest for Appellant to accept the negotiated plea. N.T., 7/20/2016, at 14. Furthermore, when asked at his guilty plea and sentencing whether he had anything to say,

Appellant stated that he entering a plea because it was in the "best interest of [himself] and the best interest of the children." N.T., 6/30/2014, at 13.

Notably, at the PCRA hearing Appellant stated that he was unaware of any applicable mandatory minimum sentences and decided to plead guilty because he felt his counsel was unprepared to proceed to trial. *See* N.T., 7/20/2016, at 27-30. It is clear to this Court that Appellant's motivating factors in pleading guilty did not in any way involve the mandatory minimum sentences he could have potentially faced if he went to trial. To the contrary, Appellant's statements at the time of his guilty plea and at the PCRA hearing contain no concerns regarding mandatory minimum sentences or the potential sentences he could receive if he proceeded to trial and was found guilty.

Therefore, because he has failed to argue that but for counsel's ineffectiveness he would have chosen to forgo the plea agreement offered, Appellant cannot prove that counsel's failure to advise him of the recent change in the law enunciated in *Alleyne* prejudiced him in such a way that warrants relief from this Court.

Because Appellant is unable to demonstrate arguable merit or prejudice, his claim fails and we need not consider the the reasonableness of

counsel's failure to discuss **Alleyne**.[6]  ***See Commonwealth v. Fears***, 86 A.3d, 795 at 804 (Pa. 2014) (noting that, if an ineffective assistance claim falls short under any element, the court may skip ahead to that element).

Thus, as Appellant has failed to convince this Court that the PCRA court erred by dismissing his petition, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>9/6/2017</u>

---

[6] In light of this conclusion we need not address Appellant's final issue regarding the PCRA court's finding that the Commonwealth would be prejudiced if Appellant were granted post-conviction relief.

- 8 -