J-S58017-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRETT ANDREW MOORE | : | |
| | : | |
| Appellant | : | No. 195 WDA 2018 |

Appeal from the PCRA Order January 4, 2018
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000208-2014,
CP-17-CR-0000209-2014, CP-17-CR-0000210-2014,
CP-17-CR-0000808-2013, CP-17-CR-0000818-2013

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    FILED OCTOBER 09, 2018

Brett Andrew Moore (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  Upon review, we affirm.

On September 18, 2014, Appellant entered an open plea of guilty to multiple charges including theft by unlawful taking, burglary, conspiracy, carrying a firearm without a license, criminal mischief, and possessing an instrument of crime.  That same day, the trial court sentenced him to serve an aggregate 10 to 20 years of incarceration.  On September 26, 2014, Appellant filed a motion for reconsideration of sentence.  The trial court denied the motion on October 31, 2014.  Less than a year later, Appellant filed the counseled PCRA petition underlying this appeal.  The PCRA court held an evidentiary hearing on November 27, 2017.  Thereafter, the court ordered the

parties to file briefs. On January 4, 2018, the PCRA court issued an opinion and order denying relief. Appellant filed this timely appeal on February 2, 2018. Both Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

> On appeal, Appellant presents the following issue for review:
> DID THE TRIAL COURT MANIFESTLY ABUSE ITS DISCRETION WHEN IT DENIED [APPELLANT'S] PCRA AND FAILED TO REINSTATE APPELLANT'S APPEAL RIGHTS WHEN [APPELLANT] WAS NOT INFORMED BY HIS TRIAL COUNSEL THAT HIS MOTION FOR RECONSIDERATION WAS DENIED IN TIME FOR [APPELLANT] TO FILE A TIMELY APPEAL, AND [APPELLANT] INFORMED TRIAL COUNSEL THAT HE WISHED TO APPEAL IF HIS MOTION FOR RECONSIDERATION WAS DENIED WHEN [APPELLANT'S] TESTIMONY AS TO THESE FACTS WAS UNCONTRADICTED.

Appellant's Brief at 3.

"Our standard in reviewing a PCRA court order is abuse of discretion. We determine only whether the court's order is supported by the record and free of legal error." Commonwealth v. Patterson, 143 A.3d 394, 397 (Pa. Super. 2016). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Garcia, 23 A.3d 1059, 1061 (Pa. Super. 2011).

Appellant argues that the PCRA court erred in denying his request to reinstate his direct appeal rights nunc pro tunc. The essence of Appellant's claim is that trial counsel failed to timely advise Appellant that the court denied his post-sentence motion for reconsideration, and as a result, the 30-day appeal period expired. Appellant additionally asserts that he told his counsel

that he wanted to file an appeal if the trial court denied his motion for reconsideration.

The Commonwealth, in agreement with the PCRA court, asserts that the order denying relief should be affirmed because "testimony presented at the PCRA hearing was insufficient to overcome the presumption of trial counsel's effectiveness when the Appellant's brief testimony provided inconsistent statements and failed to even address whether he had requested a timely appeal." Commonwealth Brief at 4. Upon review, we agree with the Commonwealth's representation of the hearing testimony.

Appellant and his grandmother, Joyce Valenza, were the only witnesses at the PCRA hearing. Appellant's trial counsel, Ronald Collins, had passed away at the time of the hearing.[1] N.T., 11/27/17, at 4, 7. Ms. Valenza testified to calling Attorney Collins' office and learning that Appellant's motion for reconsideration was denied, stating:

> I was talking to – I talked to the secretary, [Attorney] Collins' secretary. She told me that it was denied, and I was – that was the first I heard. I was a little shocked.

Id. at 11.

Ms. Valenza then told Appellant that the motion had been denied, and testified that Appellant "hadn't heard that [it] had been denied." Id. She said that Appellant was "shocked" and "had not heard and was not told." Id. at

_____

[1] Attorney Collins' date of death is not evident from the record, although no one disputes that Attorney Collins was alive and representing Appellant when the trial court denied Appellant's motion for reconsideration.

12. Ms. Valenza repeated that she "only found out through the secretary." Id.

Appellant testified that after he was sentenced he asked Attorney Collins to file a motion for reconsideration, but did not find out "until months later" from his grandmother, Ms. Valenza, that it had been denied. Id. at 14. He stated that he subsequently called Attorney Collins' office but only spoke with the secretary. Id. at 14-15. By that time it was "mid to late December." Id. at 15. He said he had no contact with Attorney Collins since the day of sentencing when he asked him to file the motion for reconsideration. Id. When he spoke to the secretary in December, he told her he wanted to file an appeal, but never heard back further from Attorney Collins. Id. at 15-16.

On cross-examination, Appellant testified otherwise. He stated that he did speak to Attorney Collins after sentencing, saying he "did speak with him one more time," and that he "got the date of [reconsideration denial] and sentencing confused." Id. at 16-17.

At the conclusion of the hearing, the PCRA court asked the parties to submit briefs. On January 4, 2018, the PCRA court denied relief. The court reasoned:

> Trial counsel is generally presumed to be effective and a defendant has the burden of proving otherwise. In order to overcome the presumption that counsel is effective, a defendant must establish the following three elements: 1) the underlying legal claim has arguable merit; 2) counsel had no reasonable basis for his or her action or inaction; and 3) the petitioner suffered prejudice because of counsel's ineffectiveness.

- 4 -

* * *

There is no debate as to whether [Appellant's] underlying legal claim has merit, satisfying the first element. Additionally, the Pennsylvania Supreme Court is clear that an unjustified failure by counsel to file a requested appeal falls beneath the range of competence demanded of attorneys in criminal cases, causing prejudice to a petitioner and potentially supporting [Appellant's] assertion of prejudice.

The difficulty with this proceeding is that Attorney Collins is not available to offer any testimony on his own behalf, so this Court must rely solely on [Appellant's] testimony as to the actions taken by Attorney Collins. The only evidence [Appellant] provided in the PCRA hearing is his own accounting of what occurred between he and Attorney Collins, and the testimony of his grandmother to support his testimony. As the trier of fact, the PCRA court judge has the discretion to believe all, some, or none of the testimony presented. Accordingly, this Court does not lend credibility to the testimony presented by [Appellant], as the testimony is markedly self-serving, especially given the fact that it cannot be refuted by the one other person with direct knowledge of what communications occurred between [Appellant] and Attorney Collins. The second element to be met relates directly to the actions of counsel in question and whether there was a reasonable basis for the action or inaction. [Appellant] provided no substantive proof that Attorney Collins acted, or failed to act, in a particular way, leaving this Court unable to determine the reasonableness of Attorney Collins' actions. Additionally, [Appellant] did not provide credible evidence to this Court to prove that he did, in fact, advise Attorney Collins that he wished to file an appeal upon denial of the Motion for Reconsideration. To show prejudice, counsel must unjustifiably fail to file a requested appeal. Without credible evidence that an appeal was requested, this Court cannot determine that [Appellant] was prejudiced. Therefore, this Court has determined that [Appellant] has failed to meet the three elements necessary to overcome a presumption of competency in counsel.

PCRA Court Opinion, 1/10/18, at 2-4 (citations to case law omitted).

After reviewing the notes of testimony, we agree that Appellant presented scant – as well as conflicting – testimony about his communications

with Attorney Collins. The record thus supports the PCRA court's finding that the evidence was inadequate to support Appellant's claim that he told Attorney Collins that he wished to file a direct appeal. It is well-settled that we are bound by the PCRA court's credibility determinations where the record supports those determinations. Commonwealth v. Santiago, 855 A.2d 682, 694 (Pa. 2004). Accordingly, we affirm the PCRA court's denial of relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2018