J-S35027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
DAMIAN CHRISTOPHER METZ   :
  :
Appellant   :   No. 776 MDA 2023

Appeal from the PCRA Order Entered May 16, 2023
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000384-2017

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:     **FILED: DECEMBER 18, 2023**

Damian Christopher Metz appeals from the order denying his Post
Conviction Relief Act ("PCRA") petition. ***See*** 42 Pa.C.S.A. §§ 9541-9546. Metz
argues his trial counsel was ineffective for interfering with his right to testify
and for failing to object to the Commonwealth's introduction of the victim's
testimony via video of a forensic interview. We affirm.

The Commonwealth accused Metz of sexually assaulting his cousin's
three-year-old niece while at a party. The victim had disclosed the abuse to a
family member and was later interviewed at the Child Advocacy Center. Prior
to trial, the Commonwealth moved to admit the video of that interview in lieu
of the victim's in-court testimony based on the tender years hearsay
exception. Following a hearing, the court granted the motion.

_____

[*] Retired Senior Judge assigned to the Superior Court.

At trial, the Commonwealth played the recording of the forensic interview for the jury. Metz presented several witnesses who testified that they did not see Metz and the victim alone together at the party where the abuse allegedly occurred. He also presented witnesses who testified that the victim's mother was known in the community for her dishonesty, and witnesses stating there had been a custody dispute over the victim at the time of the assault.

The jury convicted Metz of indecent assault of a person less than 13 years of age. *See* 18 Pa.C.S.A. § 3126(a)(7).[1] The court sentenced him to 10-24 months' incarceration. Metz appealed, and we affirmed his judgment of sentence.[2] The Pennsylvania Supreme Court denied Metz's petition for allowance of appeal. *See Commonwealth v. Metz*, 244 A.3d 1221 (Pa. filed Feb. 3, 2021) (Table).

Metz timely filed the underlying PCRA petition, his first, on January 24, 2022. The court appointed counsel, who filed an amended petition. The court held an evidentiary hearing at which Metz's trial counsel testified. The court denied the petition, and Metz appealed.

Metz raises the following issues:

1. The [PCRA] Court erred in denying [Metz's] PCRA Petition, as [Metz] submits that his prior counsel was ineffective in advising

---

[1] The jury acquitted Metz of aggravated indecent assault without consent, 18 Pa.C.S.A. § 3125(a)(1).

[2] On direct appeal, Metz challenged the sufficiency and weight of the evidence and his sex offender registration and reporting requirements.

him not to testify and/or not permitting him to testify on his own behalf at trial.

2. The [PCRA] Court erred in denying [Metz's] PCRA Petition, as [Metz] submits that his prior counsel was ineffective when he failed to request that the alleged victim testify at trial as opposed to the playing of a video deposition, as well as failing to request an independent third party interview the alleged victim.

Metz's Br. at 4.

"When reviewing the denial of PCRA relief, we consider whether 'the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" ***Commonwealth v. Midgley***, 289 A.3d 1111, 1118 (Pa.Super. 2023) (quoting ***Commonwealth v. Larkin***, 235 A.3d 350, 355 (Pa.Super. 2020) (*en banc*)).

Both of Metz's claims go to the ineffectiveness of his trial counsel. "Counsel is presumed to be effective." ***Id.*** at 1119. To prove an ineffectiveness claim, a petitioner must show "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Id.*** (quoting ***Commonwealth v. Patterson***, 143 A.3d 394, 397-98 (Pa.Super. 2016)). Failure to satisfy any one of the three prongs is fatal to an ineffectiveness claim. ***Id.***

In his first issue, Metz argues that his trial counsel was ineffective "in not advising him and/or permitting him to testify at trial." Metz's Br. at 8. Metz does not specify whether counsel actively prohibited him from testifying or whether counsel only advised him not to testify. However, he claims, "his prior

counsel gave no compelling reason for him not to testify[.]" ***Id.*** at 11. He asserts that had he testified at trial, he would have been acquitted.

A petitioner may prove that counsel was ineffective for failing to advise him regarding his right to testify by demonstrating "either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." ***Commonwealth v. Washington***, 269 A.3d 1255, 1263 (Pa.Super. 2022) (*en banc*) (quoting ***Commonwealth v. Nieves***, 746 A.2d 1102, 1104 (2000)), *appeal denied*, 283 A.3d 1249 (Pa. 2022). A petitioner may establish he suffered prejudice from counsel's actions by showing "the result of the waiver proceeding would have been different absent counsel's ineffectiveness." ***Id.*** at 1264 (quoting ***Commonwealth v. Walker***, 110 A.3d 1000, 1005 (Pa.Super. 2015)). He need not prove "the outcome of the trial itself would have been more favorable had [he] taken the stand." ***Id.*** (quoting ***Walker***, 110 A.3d at 1005). However, "where a defendant voluntarily waives his right to testify after a colloquy, he generally cannot argue that trial counsel was ineffective in failing to call him to the stand." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1075 (Pa.Super. 2019) (citation omitted).

In its order denying the PCRA petition, the court recounted that at the evidentiary hearing, Metz testified that he had informed trial counsel he wanted to testify but that trial counsel refused to let him, out of fear that it would "ruin [his] good day in court." PCRA Court Order and Opinion, 5/16/23, at 3 (quoting N.T., PCRA hearing, at 13). Metz also testified he had not

understood the court's colloquy regarding his right to testify. However, Metz later contradicted this testimony and stated that he had decided not to testify based on trial counsel's advice. The PCRA court was unpersuaded by Metz's contradictory testimony and credited that of trial counsel. Counsel testified that he had advised Metz not to testify because Metz was concerned about undergoing cross-examination and because his prior *crimen falsi* conviction would have been introduced. Trial counsel testified that based on this advice, Metz had chosen not to testify. The court further reviewed its colloquy of Metz at the time of trial, and noted Metz had "represented to the Court that he understood his right to testify, that it was his own decision to make, and that he had had enough time to discuss the issue with [trial counsel]." **Id.** The court concluded that Metz had decided of his own accord not to testify, that he made this decision based on counsel's advice, and that the advice was reasonable.

We find the PCRA court's determination to be supported by the record and free of legal error. Metz has failed to prove his trial counsel interfered with his right to testify and has not explained how counsel's advice not to testify was unreasonable. **Washington**, 269 A.3d at 1263.

In his second issue, Metz argues his trial counsel was ineffective because he failed to object to the Commonwealth's playing the video of the victim's forensic interview, rather than calling victim to testify in person or having a third party interview the victim before the jury. Metz argues this prejudiced him because he was convicted based upon the unchallenged testimony of the

victim. He also baldly asserts that "the questions asked of the alleged victim [in the video] were biased and geared towards incriminating him." Metz's Br. at 15.

The PCRA court recounted that at the pre-trial hearing on the Commonwealth's motion *in limine*, trial counsel stipulated that the victim, who was four years old at the time of trial, was not competent to testify due to her age. Trial counsel had also "made clear that he was not contesting the [motion *in limine*] vigorously," but instead "had made a strategic choice to instead focus on possible motives for the family members surrounding [the victim] to make false allegations against [Metz] and to convince her to make false allegations against [Metz] in order to gain an advantage in ongoing custody and children's services proceedings." PCRA Ct. Order and Op. at 5.

The court also observed that at trial, in accordance with this strategy, trial counsel had cross-examined the victim's mother and grandmother "extensively regarding matters bearing on credibility and possible motives to fabricate accusations against [Metz]." *Id.* at 6. Counsel had also cross-examined the forensic interviewer "regarding possible issues with suggestibility of children and [her] limited ability to detect when a child has been 'coached' into making false disclosures." *Id.* at 7. Counsel had also called "no less than ten witnesses on [Metz's] behalf," most of whom "testified that either they were at the party at which the incident occurred and did not see anything happen between [Metz] and [the victim], they were aware that [the victim]'s mother had a reputation for dishonesty, or both." *Id.*

The court further noted that by the time of the PCRA hearing, trial counsel "expressed that he wished he had pushed harder on the issue of the forensic interview video." *Id.* However, counsel did not "express any belief that the outcome of the trial or the Court's evidentiary rulings would have been any different had he objected more strongly." *Id.* at 7-8.

The court found that Metz had not proven counsel's ineffectiveness, because counsel had had a reasonable strategic basis for "not fighting the [motion in limine] forcefully." *Id.* at 8. It found trial counsel "had good grounds on which to challenge the veracity of the victim's disclosures [in the video] and whether they were coached (such as the significant custody conflicts and involvement of children's services agencies with the immediate and extended family)." *Id.*[3] The court also found it was "highly unlikely" counsel would have prevailed on any objection to the admission of the video, because the victim was a young child who was not competent to testify. *Id.*

The court found Metz's related claim, that trial counsel was ineffective for failing to have a third party interview the victim, was waived by his failure to address it at the evidentiary hearing. The court also found the claim meritless because counsel could have strategically opted for the video over unpredictable live testimony that would not be subjected to cross-examination. It further found Metz did not prove that such a motion would

_____

[3] Although counsel did not testify on this point, the court also observed that the victim's live testimony might have involved surprising and damaging disclosures, and, unlike the video deposition, any weakness in the victim's live testimony would have been subject to rehabilitation by the Commonwealth.

have been granted, or that, if it had been granted, that introducing the victim's testimony *via* an interview by a third party would have affected the outcome of trial.

We agree that Metz has failed to prove ineffectiveness. The record supports the PCRA court's conclusion that Metz failed to prove counsel did not have a reasonable basis for agreeing to the admission of the video. This alone is fatal to his ineffectiveness claim. ***Midgley***, 289 A.3d at 1119.

Metz has also failed to explain the grounds on which he believes counsel should have challenged the motion in limine or requested a third-party interview. Although his argument hints at the applicability of the Confrontation Clause, he has not set forth any law on that point. His argument is thus undeveloped. Nor does Metz rebut the applicability of the tender years hearsay exception, which was the basis for the court's having granted the motion. He has therefore also failed to establish his claim has arguable merit. Metz has additionally failed to prove prejudice. He has not identified the questions asked of the victim in the video interview that he contends were biased against him, or explained how his cross-examination of the victim would have changed the outcome at trial.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/18/2023