J-S08013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VICTOR THOMAS, JR., | |
| Appellant | No. 939 EDA 2018 |

Appeal from the PCRA Order Entered March 8, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003966-2014

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED APRIL 22, 2019**

Appellant, Victor Thomas, Jr., appeals *pro se* from the post-conviction court's March 8, 2018 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

A detailed recitation of the facts underlying Appellant's convictions is not necessary to our disposition of his appeal.  We need only note that on April 26, 2014, Appellant and his brother committed an armed robbery of Rodney Jacks.  **See** N.T. Plea/Sentencing Hearing, 8/31/15, at 4.  For this act,

> Appellant was charged with [r]obbery and related offenses. On August 31, 2015[,] while represented by defense counsel, Melissa A. McCafferty, Esquire, Appellant entered into a negotiated guilty plea agreement to three of the nine counts

---

[*] Former Justice specially assigned to the Superior Court.

charged: (1) [r]obbery (18 Pa.C.S.[] §[] 3701(a)(1)(ii)); (2) [c]onspiracy to [commit r]obbery (18 Pa.C.S.[] § 903(3)…); and (3) [p]ersons [n]ot to [p]ossess a [f]irearm (18 Pa.C.S.[] § 6105(a)(1)). As agreed, Appellant was sentenced to 5½ to 16 years of state incarceration plus 5 years of consecutive probation. Subsequently, Appellant filed a *Pro Se Habeas Corpus* Motion for Sentence Reconsideration on September 10, 2015. Before the court could address this [m]otion, Appellant filed a *Pro Se* Motion to Withdraw on September 22, 2015.

Appellant filed this present PCRA [p]etition on September 1, 2016. The PCRA [p]etition was assigned to PCRA counsel, Robert Brendza, Esquire[,] on September 29, 2016[,] and [was] reassigned to new PCRA [c]ounsel, C. Curtis Norcini, Esquire[,] on February 6, 2017. The court subsequently granted [Attorney] Norcini's request for additional time to investigate Appellant's claims and to review the record. [Attorney] Norcini filed a Motion to Withdraw as PCRA Counsel on August 18, 2017[,] and attached a copy of his [**Turner/**]**Finley**[1] letter.

A 20[-]day notice pursuant to Pa.R.Crim.P. 907 was forwarded to Appellant on September 12, 2017. Thereafter, [he] filed a *pro se* [a]mended PCRA [p]etition titled[,] "Motion for 2nd Post Conviction Relief Act" on November 3, 2017. After reviewing [Appellant's] *pro se* submission, this court continued to find that there were no genuine issues concerning any material fact, that Appellant was not entitled to [PCRA] relief, and that no purpose would be served by any further proceedings in this matter.

Appellant filed this present appeal on March 27, 2018. A Pa.R.A.P. 1925(b) [o]rder was issued on April 4, 2018. On April 30, 2018, Appellant filed a "Motion For Appointment of Counsel, Concerning Appellate Procedures and Further PCRA Procedures in The Superior Court[."] In his [m]otion, Appellant also requested an extension of time to file his [c]oncise [s]tatement of [e]rrors [c]omplained of on [a]ppeal. Appellant's [m]otion was granted in part and denied in part. Appellant's request for counsel was denied. His request for an extension was granted. The filing date was extended to May 23, 2018. Appellant filed his [c]oncise

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[s]tatement on May 30, 201[8,] with proof of mailing on May 23, 2018.

PCRA Court Opinion (PCO), 6/28/18, at 1-3 (footnotes and citation omitted).

On appeal, Appellant presents three issues for our review:

I.    Whether [t]he PCRA [c]ourt erred and failed to find a conflict of interest giving rise to ineffective assistance of counsel?

II.   Whether [t]he PCRA [c]ourt erred and failed to find that [t]rial [c]ounsel was ineffective for giving false legal advice and inducing Appellant to plead guilty?

III.  Whether [PCRA] [c]ounsel was ineffective for failing to raise [t]rial [c]ounsel's ineffectiveness on all the above issues?

Appellant's Brief at 3.

We begin by recognizing the following legal principles, which guide our review of Appellant's issues:

Our standard in reviewing a PCRA court order is abuse of discretion. We determine only whether the court's order is supported by the record and free of legal error. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. We will not disturb the PCRA court's findings unless the record fails to support those findings.

A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty.

We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

In order for [the] [a]ppellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of

counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. [The] [a]ppellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

Moreover, trial counsel is presumed to be effective.

***Commonwealth v. Patterson***, 143 A.3d 394, 397-98 (Pa. Super. 2016) (internal citations and quotation marks omitted).

Appellant first contends that his trial counsel, Attorney McCafferty, was ineffective because she had a conflict of interest that she did not disclose to Appellant, and which compelled her to induce him into pleading guilty rather than going to trial. Before addressing Appellant's specific arguments, we note that our Supreme Court,

has held that an appellant cannot prevail on a preserved conflict of interest claim absent a showing of actual prejudice. We presume prejudice when the appellant shows that trial counsel was burdened by an "actual" — rather than mere "potential" — conflict of interest. To show an actual conflict of interest, the appellant must demonstrate that: (1) counsel "actively represented conflicting interests"; and (2) those conflicting interests "adversely affected his lawyer's performance." ***Commonwealth v. Collins***, 598 Pa. 397, 957 A.2d 237, 251 (2008). Clients' interests actually conflict when "during the course of representation" they "diverge with respect to a material factual or legal issue or to a course of action." ***Id.***

***Commonwealth v. Sepulveda***, 55 A.3d 1108, 1147 (Pa. 2012).

In this case, Appellant claims that Attorney McCafferty had a conflict of interest because at the time she was representing him, she was also

- 4 -

representing a man named Elliot McDonald, who is friends with Rodney Jacks, the victim of Appellant's armed robbery. Appellant further explains that, on April 25, 2014, Jacks and McDonald had shot at Appellant's house (and Appellant apparently returned fire), which was Appellant's motive for robbing Jacks the following day. Appellant claims that Attorney McCafferty induced him to plead guilty in this case because, had Appellant gone to trial, he would have testified that McDonald and Jacks had shot at his home, thus implicating McDonald in that criminal activity. Appellant insists that Attorney McCafferty advised him to plead guilty because his doing so would benefit McDonald by keeping the shooting a secret, thus constituting a conflict of interest amounting to ineffective representation.

The PCRA court offered several sound reasons for rejecting this ineffectiveness claim. First, the PCRA court stressed that, according to documents attached to Appellant's amended petition, it was clear that the police knew about the shooting between McDonald, Jacks, and Appellant. **See** PCO at 5 (citing Amended Petition, 11/3/17, at Exhibit 2 (Coatesville Police Department Incident Report)). Thus, the PCRA court concluded that "defense counsel had no motive to hide facts that were already known to the Commonwealth." **Id.**

Second, the court also found that Appellant had failed to show an 'actual conflict' in counsel's concurrently representing McDonald and Appellant. The court recognized that Attorney McCafferty had represented McDonald on a criminal matter filed against him on May 17, 2015. Rule 907 Notice, 3/8/18,

at 1 n.1. Attorney McCafferty's representation of McDonald had commenced "26 days prior to [Appellant's] guilty plea." *Id.* However, Appellant "admit[ted] that [] McDonald's 2015 criminal case [was] unrelated to the underlying criminal matter in [Appellant's] case." *Id.* (citing Amended Petition at 2). Thus, the PCRA court concluded that there was "no conflict of interest in a Chester County criminal attorney … representing two Coatesville residents who know each other[,]" as "[Appellant's] present case and [] McDonald's 2015 case [were] entirely unrelated." *Id.*

Third, the PCRA court concluded that Attorney McCafferty's dual representation of Appellant and McDonald did not adversely affect her representation of Appellant. The court stressed that,

> [Attorney] McCafferty took great pains to conduct discovery and file pre-trial motions. In the end, she obtained a very favorable outcome, a mitigated sentence for serious charges.[2] Under the facts presented, [Appellant] cannot meet his burden to show that [Attorney] McCafferty's representation of him created a[n actual] conflict of interest or that she was ineffective in her legal representation of [Appellant].

---

[2] The court notes in its Rule 1925(a) opinion that,

> Appellant had a prior record score of 5 as a result of two prior F-3 juvenile adjudications, two F-3 convictions for [c]arrying [a firearm] [w]ithout a [l]icense, and one conviction for [p]ossession [w]ith [i]ntent to [d]eliver. If convicted on the charges in this matter, Appellant was facing a minimum aggregate sentence of 15 years (180 months) +/- three years of incarceration. Appellant reduced his sentence by 63% in accepting the negotiated plea agreement of 66 months. This is a sentence at the bottom of the mitigated range of the sentencing guidelines.

PCO at 5 n.3.

Rule 907 Notice at 1 n.1. We discern no error in the PCRA court's rationale for denying Appellant's first ineffectiveness claim.

Next, Appellant contends that Attorney McCafferty ineffectively induced him to plead guilty by promising him that if he did, the Commonwealth would not charge him with offenses relating to the April 25, 2014 shooting between him and McDonald, yet Appellant was charged in that incident several months after he entered his plea. Appellant also claims that Attorney McCafferty promised him a sentence of 5 to 10 years' incarceration if he pled guilty, but he received a sentence of 5½ to 16 years' imprisonment instead.

Our review of the record reveals that Appellant waived these claims. Initially, in his amended petition, Appellant did not assert that counsel promised him a sentence of 5 to 10 years. Thus, that claim is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Additionally, while Appellant did mention, in his amended petition, that counsel purportedly told him that no charges would be filed against him if he pled guilty, he embedded that claim within his argument pertaining to counsel's purported conflict of interest. Appellant also did not separately or specifically set forth this claim in his Rule 1925(b) statement. *See* Rule 1925(b) Statement, 5/30/18, at 1 ("Whether private counsel [Attorney] McCafferty … was ineffective, giving false legal advice in contemplation of guilty plea."). Thus, the PCRA court presumed that Appellant's vague statement of this issue in his Rule 1925(b) statement was referring only to an ineffectiveness claim (which Appellant has abandoned on

appeal) that was set forth in a section of his amended petition entitled, "Advice relating to plea agreement." **See** Amended Petition at 7 (arguing that counsel misinformed him about certain consequences of his probationary sentence). The court did not address Appellant's allegation that counsel misinformed him that he would not be charged with crimes stemming from the April 25, 2014 shooting because Appellant did not clearly delineate that as a separate ineffectiveness claim in his amended petition, nor in his Rule 1925(b) statement. Given this record, we deem this claim waived.[3]

Next, Appellant avers that Attorney McCafferty ineffectively ignored his request to obtain video evidence that would have shown McDonald and Jacks shooting at Appellant's house on March 27, 2014. Appellant claims that this video "would have contradicted [t]he Commonwealth's case, and prove[n] that] Rodney Jacks and Elliot[] McDonald [were] perpetrator's [*sic*] and not victims." Appellant's Brief at 16. Appellant's argument is unconvincing. We

_____

[3] Notwithstanding waiver, we would deem meritless Appellant's two waived ineffectiveness claims. At the plea proceeding, Appellant stated that "no promises or threats were made" to compel him to plead guilty, thus belying his current argument that Attorney McCafferty had promised him that he would not be charged based on the April 25, 2014 shooting. N.T. Plea/Sentencing, 8/31/15, at 8. Additionally, at the outset of the plea proceeding, the Commonwealth stated that the agreed-upon sentence was "66 months to 16 years" with "two probationary tails running concurrent with each other of five years … that would be consecutive to the 66 months to 16 years" of incarceration. **Id.** at 4. Appellant did not indicate that he was promised a lesser sentence by Attorney McCafferty, nor express any reservation or confusion about the sentence he would receive. Accordingly, the record does not support his waived claims that he was induced to plead guilty based on promises erroneously made to him by Attorney McCafferty.

fail to see how a video of an unrelated shooting would have demonstrated Appellant's innocence in the subsequent armed robbery of Jacks. At best, the video might have demonstrated Appellant's *motive* for committing the subsequent armed robbery of Jacks. However, possessing a motive to commit a criminal act does not exonerate one from criminal liability therefore. Thus, Appellant has not proven that he was prejudiced by counsel's failure to obtain this alleged video evidence.

We also reject Appellant's bald assertion that Attorney McCafferty acted ineffectively by failing to interview witnesses. Appellant does not name any individual(s) that counsel failed to contact, nor discuss what they would have told her if she had. Thus, he has failed to establish that these ostensible witnesses existed, or that Attorney McCafferty's failure to contact them caused him prejudice. ***See Commonwealth v. Brown***, 767 A.2d 576, 581-82 (Pa. Super. 2001) ("To prevail on a claim of trial counsel's ineffectiveness for failure to call a witness, the [appellant] must show: (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) that the absence of the testimony prejudiced appellant.").

Lastly, within his third issue, Appellant argues that his PCRA counsel (whom he incorrectly refers to as 'appellate counsel') acted ineffectively by filing a petition to withdraw and no-merit letter. In Appellant's amended petition, he preserved this claim for our review. ***See*** Amended Petition at 8

("PCRA counsel … failed to investigate these facts [that Appellant] provided him with, which led … PCRA [c]ounsel to prepare a no[-]merit/**Finley** letter."). However, given our conclusion that Appellant's issues are either waived and/or meritless, he has not demonstrated that his PCRA counsel acted ineffectively by seeking to withdraw.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/22/19