J-S28022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY RAY YAW, JR. | : | |
| | : | |
| Appellant | : | No. 93 MDA 2019 |

Appeal from the PCRA Order Entered December 26, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003136-2013

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:                 **FILED AUGUST 14, 2019**

Larry Ray Yaw, Jr. appeals *pro se* from an order denying his petition for relief under the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. Yaw's counsel filed a **Turner/Finley**[1] letter in the PCRA court and moved to withdraw as counsel. That court dismissed the PCRA petition as untimely and granted counsel's motion to withdraw. We affirm.

Yaw entered a negotiated guilty plea to one count of Possession of a Controlled Substance with Intent to Deliver[2] on January 30, 2014. On the same day, the trial court sentenced Yaw to the negotiated sentence of two to

---

\* Retired Senior Judge assigned to the Superior Court.

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] 35 P.S. § 780-113(a)(30)

four years of incarceration. Yaw did not file any post-sentence motions or a direct appeal.

On April 10, 2017, Yaw filed the instant, *pro se* PCRA petition alleging that counsel was ineffective for failing to advise him that his negotiated sentence allegedly violated *Alleyne*[3] and thus induced him to enter the negotiated plea. The court appointed counsel, who subsequently filed a *Turner/Finley* no-merit letter and sought leave to withdraw from representation. The court then issued a Pa.R.Crim.P. 907 notice of intent to dismiss. Yaw did not respond. The court granted counsel's motion to withdraw and dismissed Yaw's PCRA petition. Yaw filed this timely appeal and raises the following issues:

1. Was [Yaw] coerced to plead guilty by threat of receiving a mandatory minimum sentence under 18 Pa.C.S.[A.] § 7508(a)(iii)?

2. Was [Yaw] sentence to a mandatory minimum sentence after the *Alleyne v. United States* decision, and counsel subsequently ineffective for failing to either alert [Yaw], challenge, or withdraw [Yaw]'s plea altogether, due to [Yaw] being sentenced to an illegal mandatory minimum sentence?

3. Does the exception apply under 42 Pa.C.S.A. § 9545(b)(1)(ii) given the ramifications of *Com v. Patterson*, therefore [Yaw] could not have been aware and express due diligence upon finding out and therefore file a timely petition?

4. Is [Yaw]'s sentence a mandatory minimum sentence and was [Yaw] sentenced under 18 Pa.C.S.[A.] § 7508(a)(iii), after '*Alleyne*?'

_____

[3] *Alleyne v. United States*, 570 U.S. 99 (2013).

5. Did the PCRA court abuse its discretion in failing to hold an evidentiary hearing where [Yaw] raised issues of material fact that would have entitled him to relief?

6. Is this sentence illegal and therefore non-waivable because [Yaw] is not seeking to apply '*Alleyne*' retroactively, instead he is seeking relief for a sentencing claim that was available to him on direct review?

Yaw's Br. at 5-6.

Our standard of review for the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011).

We do not reach Yaw's substantive claims because we agree with the PCRA court that Yaw's PCRA petition was untimely. No court has jurisdiction to afford relief under the PCRA if the petitioner has not filed a PCRA petition seeking the relief within one year of the petitioner's judgment becoming final, unless the petitioner meets a statutory timeliness exception. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011). The PCRA petitioner bears the burden of pleading and proving that at least one of the timeliness exceptions applies. *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008). In the instant case, Yaw's judgment became final on March 3, 2014. Yaw should have filed his PCRA petition by March 3, 2015. However, Yaw did not file his PCRA petition until April 10, 2017, more than two years after the deadline, rendering his PCRA petition facially untimely.

Yaw claims he qualifies for the exception for a "constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). Under this exception, either the Pennsylvania or the United States Supreme Court must have established the right after the deadline for the appellant to file a PCRA petition and held the right to apply retroactively. **See Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501 (Pa. 2002).

Neither the United States Supreme Court nor the Pennsylvania Supreme Court has held **Alleyne** to apply retroactively. In fact, our Supreme Court has affirmatively held that it does not. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). Thus, Yaw's retroactive right claim must fail.

Yaw also asserts that he is entitled to the newly discovered fact exception under 42 Pa.C.S.A. § 9545(b)(1)(ii) because of our Court's holding in **Commonwealth v. Patterson**, 143 A.3d 394 (Pa.Super. 2016). This argument fails because judicial decisions are not "facts" and do not trigger section 9545(b)(ii). **Watts**, 23 A.3d at 986 ("[T]he latter proposition is absurd because section 9545(b)(ii) applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts").

Yaw contends that he is "not seeking to apply **Alleyne** retroactively by way of collateral review," Yaw's Br. at 4, and asks this Court to consider his legality of sentence claim. However, for this court to consider a legality of

sentence claim, we must have jurisdiction to do so. ***See Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa.Super. 2014). Yaw's PCRA petition was untimely and he failed to prove a timeliness exception. Therefore, the PCRA court did not, and we do not, have jurisdiction to review the merits of the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/14/2019