J-S19014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM RICHARD MARSH | : | |
| | : | |
| Appellant | : | No. 2538 EDA 2021 |

Appeal from the PCRA Order Entered November 3, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0002216-2018

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED AUGUST 23, 2022**

William Richard Marsh appeals from the order denying and dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On appeal, Marsh raises a challenge to his prior counsel's stewardship in connection with his guilty plea. Because we agree with the PCRA court's conclusion that the claim lacks merit, we affirm.

Between December 2017 and April 2018, Marsh burglarized a multitude of commercial establishments throughout Chester, Delaware, Montgomery, and Lancaster Counties.[1] Marsh, sometimes acting alone and at other times with a co-conspirator, took cash and property from the businesses, and

_____

[*] Former Justice specially assigned to the Superior Court.

[1] For a full recitation of the circumstances surrounding each burglary, **see** PCRA Court Opinion, 2/9/22, at 2-11.

damaged property at various locations. Marsh was charged with a total of 92 offenses related to these burglaries.

On March 11, 2019, Marsh entered an open guilty plea to 24 counts of burglary and one count of criminal conspiracy.[2] After completion of a pre-sentence investigation report, the trial court sentenced Marsh to an aggregate term of 12 to 24 years in prison. The trial court also ordered Marsh to pay restitution in the amount of $38,974.01, as well as court costs. Marsh unsuccessfully sought reconsideration of his sentence but did not file a direct appeal.

Marsh subsequently filed the instant, timely PCRA petition alleging his plea counsel, Robert Turco, Esquire, provided ineffective assistance. In particular, Marsh asserted that Attorney Turco misunderstood the Commonwealth's plea offer and conveyed to Marsh that he would only be required to plead guilty to one count each of burglary and conspiracy. **See** PCRA Petition, 9/30/20, at 2 (unnumbered). Following a hearing at which Attorney Turco testified, the PCRA court entered an order denying and dismissing Marsh's PCRA petition. This timely appeal followed.

On appeal, Marsh argues Attorney Turco provided ineffective assistance during the guilty plea stage, which resulted in the entry of an unknowing, involuntary and unintelligent guilty plea. **See** Appellant's Brief at 9. Marsh

---

[2] **See** 18 Pa.C.S.A. §§ 3502(a)(4), 903.

claims "the PCRA evidentiary record was replete with references that [Attorney Turco] misunderstood an email from the Assistant District Attorney, conveying a plea offer to one count of burglary and one count of conspiracy…." *Id.* at 9-10. Because the plea offer was for 25 total counts, Marsh asserts his possible sentencing exposure increased exponentially prior to entering the plea. *See id.* at 10. Marsh also claims the PCRA court erred by crediting Attorney Turco's testimony that he was satisfied that Marsh wanted to continue with the plea hearing that day. *See id.* at 11.[3]

"This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa. Super. 2017) (citation omitted).

When faced with an ineffective assistance of counsel claim, we presume that counsel is effective; the appellant bears the burden of proving otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). In order to overcome this presumption, an appellant must demonstrate the following:

> (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an

---

[3] Additionally, Marsh briefly argues that Attorney Turco failed to advise him "of the right to withdraw his guilty plea." Appellant's Brief at 10-11. However, a criminal defendant does not have an absolute right to withdraw a guilty plea. *See Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291-92 (Pa. 2015).

ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

"A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." *Commonwealth v. Patterson*, 143 A.3d 394, 397 (Pa. Super. 2016) (citations and quotation marks omitted). "The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (citation and quotation marks omitted). Further, in order to establish prejudice in this context, a defendant must show there was a reasonable probability he would have proceeded to a jury trial if not for counsel's advice. *See Commonwealth v. Barndt*, 74 A.3d 185, 199-200 (Pa. Super. 2013).

Marsh has failed to establish that he was prejudiced as a result of Attorney Turco's alleged errors. Marsh merely argues he would have benefitted from additional time to consult with Attorney Turco before entering a plea and primarily faults counsel's failure to request a continuance. However, Marsh makes no assertion that, given more time to consider his possible sentencing exposure for a plea to 25 counts, he would have opted for a jury trial. *See id.*; *see also Commonwealth v. Charleston*, 94 A.3d 1012, 1026 (Pa. Super. 2014) (stating that unsupported speculation does not establish

the prejudice prong of the ineffectiveness test). For this reason alone, we could conclude that Marsh is not entitled to relief. **See Franklin**, 990 A.2d at 797 (explaining that an ineffectiveness claim will be denied if the appellant fails to establish any prong). Nevertheless, we briefly address the merits of Marsh's underlying claim.

The PCRA court concluded that Marsh entered a knowing, voluntary and intelligent guilty plea. **See** PCRA Court Opinion, 2/9/22, at 52. The record supports this conclusion. Marsh completed a thorough written guilty plea colloquy, which clearly indicated the plea would include 24 counts of burglary and one count of conspiracy and identified the statutory maximum sentences for each charge. **See** Written Guilty Plea Colloquy, 3/11/19. The trial court also conducted an on-the-record colloquy, during which Marsh agreed he had reviewed the written guilty plea colloquy with Attorney Turco; he had sufficient time to discuss the terms of the plea with counsel; and he was satisfied with Attorney Turco's services. **See** N.T., Guilty Plea Hearing, 3/11/19, at 20; **see also Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) ("A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled.").[4]

---

[4] While Marsh does not explicitly challenge any aspects of his plea beyond Attorney Turco's original misunderstanding, we observe that the written and on-the-record colloquies are compliant with the dictates of Pa.R.Crim.P. 590. *(Footnote Continued Next Page)*

During the PCRA hearing, Attorney Turco acknowledged he initially had misunderstood an email from the Assistant District Attorney and believed the plea offer included one count each of burglary and conspiracy. ***See*** N.T., PCRA Hearing, 8/23/21, at 5. Attorney Turco testified that he was "surprised" the plea would include only two counts and told Marsh he would confirm with the Assistant District Attorney. ***See id.*** at 6. On the morning of the plea hearing, Attorney Turco confirmed with the Assistant District Attorney that the plea would be to 24 counts of burglary and one count of conspiracy. ***See id.***; ***see also id.*** at 21-22 (wherein Attorney Turco stated he had informed Marsh that each count carried a potential sentence of 2 to 4 years).

Attorney Turco testified that he discussed these details with Marsh and his family "at least for a half hour, but it might have been closer to 45 minutes to an hour." ***Id.*** at 7. He described Marsh as taken aback but stated they discussed the pros and cons of taking the plea deal, including a prior statement made by Marsh implicating himself in the burglaries. ***See id.*** According to Attorney Turco, he offered to request a continuance to further discuss the terms of the plea deal, but ultimately, Marsh wished to move forward with the guilty plea. ***See id.*** at 7-8. Attorney Turco also testified that he reviewed the written guilty plea colloquy with Marsh and was satisfied with Marsh's

---

***See generally Commonwealth v. Morrison***, 878 A.2d 102, 108 (Pa. Super. 2005) (explaining that a court may supplement a completed written guilty plea colloquy with additional on-the-record examination).

understanding of the terms. *See id.* at 9-10; *see also id.* at 10-11 (wherein Attorney Turco stated his belief that he had sufficient time to review the offer with Marsh; Marsh understood the plea to include 25 counts; and Marsh never objected to the plea between the plea hearing and sentencing hearing).

We acknowledge that, in some cases, counsel's communication of incorrect information to a client prior to the entry of a plea may constitute ineffectiveness. *See, e.g., Barndt*, 74 A.3d at 198-200 (counsel was ineffective for advising the defendant to rely on representations concerning the maximum parole setback he would receive as a result of a guilty plea because the parole board unquestionably retained discretion); *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (counsel's advice that defendant could be released to boot camp within two years constituted ineffectiveness, where the defendant was statutorily ineligible for boot camp until he had served four years in prison).

However, the facts of the instant case are distinguishable. Unlike the counsel involved in *Barndt* and *Hickman*, Attorney Turco corrected his initial misunderstanding prior to Marsh's guilty plea hearing. Attorney Turco alerted Marsh that he would be seeking confirmation by the Assistant District Attorney before the hearing and had the opportunity to discuss the accurate terms of the offer with Marsh for 30 minutes to an hour. The PCRA court credited Attorney Turco's testimony that he had fully discussed the terms of the offer with Marsh and his family, and that Attorney Turco offered to request a

continuance. Finding support in the record, we decline to disrupt the PCRA court's credibility determination. ***See Commonwealth v. Johnson***, 966 A.2d 523, 539 (Pa. 2009) ("A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts.").

Based upon the foregoing, we cannot conclude Attorney Turco rendered ineffective assistance in his capacity as plea counsel. Accordingly, we affirm the PCRA court's order denying and dismissing Marsh's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022