J-S26038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RIGOBERTO HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 3 MDA 2022 |

Appeal from the Order Entered November 24, 2021
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001002-2017

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: AUGUST 29, 2022**

Rigoberto Hernandez appeals **pro se** from the November 24, 2021 order

dismissing his second petition[1] filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. After careful review, we

affirm.

The relevant facts of this case were summarized by a prior panel of this

Court as follows:

> On April 6, 2017, at approximately 11:30 a.m.,
> [Appellant] and his co-defendant, Orlando Nunez-
> Flores (Nunez-Flores), drove to the Fulton Bank
> located in Schaefferstown, Lebanon County. Nunez-
> Flores entered the bank and demanded money from
> the tellers at gunpoint, while [Appellant] waited in his

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant has styled his **pro se** petition as a petition for writ of **habeas corpus**.

vehicle. After Nunez-Flores obtained $2,963.00 in cash, some of which was GPS-enabled for tracking, he ran out the front door and into [Appellant's] vehicle.

Responding police officers pursued the GPS signal coming from [Appellant's] sedan, which led to a high-speed chase ending with [Appellant's] car crashing into a chain link fence. Police officers pulled [Appellant] out of the vehicle and took him into custody. Nunez-Flores fled the scene but after a foot chase was captured with cash obtained from the robbery.

*Commonwealth v. Hernandez*, 209 A.3d 1074 (Pa.Super. 2019) (unpublished memorandum at *1), *appeal denied*, 217 A.3d 214 (Pa. 2019).

The relevant procedural history of this case, as gleaned from the certified record, is as follows: On October 30, 2017, Appellant proceeded to a jury trial and was subsequently found guilty of two counts of robbery[2] and related offenses.[3] On December 20, 2017, Appellant was sentenced to an aggregate term of 16 to 49 years' imprisonment in connection with this incident. On February 19, 2019, a panel of this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for

_____

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and (vi), respectively.

[3] Appellant was also found guilty of two counts of criminal conspiracy to commit robbery, 18 Pa.C.S.A. § 903; and one count each of theft by unlawful taking, 18 Pa.C.S.A. § 3921(a); criminal conspiracy to commit theft by unlawful taking, 18 Pa.C.S.A. § 903; receiving stolen property, 18 Pa.C.S.A. § 3925(a); criminal conspiracy to receive stolen property, 18 Pa.C.S.A. § 903; fleeing or attempting to elude a police officer, 75 Pa.C.S.A. § 3733(a); recklessly endangering another person, 18 Pa.C.S.A. § 2705; and reckless driving, 75 Pa.C.S.A. § 3736(a).

allowance of appeal on August 27, 2019. *See id.* Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court.

Appellant filed his first *pro se* PCRA petition on April 9, 2020, and counsel was appointed to represent him. Following an evidentiary hearing on August 14, 2020, the PCRA court dismissed Appellant's petition on September 17, 2020. Appellant did not file a notice of appeal from the PCRA court's order.

On November 9, 2021, Appellant filed the instant *pro se* PCRA petition, his second, which was styled as a "Petition for Writ of Habeas Corpus." Therein, Appellant baldly alleged in a four-page, typewritten template that the robbery statutes under which he was convicted were void. On November 24, 2021, the PCRA court entered an order finding that Appellant's petition "contains no legal basis for which his sentence should be overturned" and dismissing it as untimely. *See* PCRA court order, 11/24/21 at 1. This timely appeal followed on December 23, 2021.[4, 5]

Appellant raises the following issue for our review:

_____

[4] The record reflects that although Appellant's notice of appeal was time-stamped as filed on December 28, 2021, his appeal was timely because a post-marked envelope in the certified record reveals that it was deposited with prison authorities on December 23, 2021. *See Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa.Super. 2011) (holding, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing."), *appeal denied*, 46 A.3d 715 (Pa. 2012); *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (stating, "any reasonably verifiable evidence of the date that the prisoner deposits" the document with prison authorities is acceptable to satisfy the prisoner mailbox rule).

[5] The record reflects that Appellant timely complied with Pa.R.A.P. 1925(b).

> 1. Whether the [PCRA] abused its discretion in dismissing Appellant's Petition for Writ of Habeas Corpus asserting that he is illegally confined on the basis of a criminal statute that is unconstitutional or void by the omission of a Saving Clause?

Appellant's brief at 3 (extraneous capitalization omitted).

Preliminarily, we note that "the PCRA is intended to be the sole means of achieving post-conviction relief," and that "the PCRA statute subsumes the writ of **habeas corpus**." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013) (citations omitted); **see also** 42 Pa.C.S.A. § 9542 (stating, "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including **habeas corpus** and **coram nobis**.").

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Patterson**, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2).

These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

We must consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. **Commonwealth v. Davis**, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that Appellant's judgment of sentence became final on November 25, 2019, when the 90-day time period for filing a petition for writ of **certiorari** with the United States Supreme Court expired. **See id.**; U.S.Sup.Ct.R. 13.1. Accordingly, Appellant had until November 25, 2020 to file a timely PCRA petition. **Id.** at § 9545(b)(1). Appellant's instant PCRA petition was filed on November 9, 2021, nearly one-year past the deadline, and is patently untimely. Accordingly, Appellant was required to plead and prove that one of the three statutory exceptions enumerated in Section 9545(b)(1) applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i)    the failure to raise the claim previously was the result of interference by government officials

with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).  A petition invoking any of these exceptions must "be filed within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Instantly, we find that Appellant has failed to plead, let alone prove, any of the statutory exceptions to the PCRA time-bar set forth in Section § 9545(b)(1).  Rather, Appellant baldly contends that there is no statutory authorization for his confinement because the robbery statutes under which he was convicted are void under the Pennsylvania Constitution. *See* Appellant's brief at 7-8.  Our review reveals that Appellant fails to develop or provide support for these claims in either his *pro se* petition or brief.  On the contrary, the caselaw cited by Appellant involved situations where charges were dismissed on account of amended statutes which no longer criminalized the conduct charged, which is clearly not the case here.

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing Appellant's petition and affirm its November 24, 2021 order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/29/2022