J-S13011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MERLE ALAN PAGE, JR. | : | |
| | : | |
| Appellant | : | No. 678 WDA 2023 |

Appeal from the PCRA Order Entered May 19, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001439-2017

BEFORE:   KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: May 29, 2024**

Merle Alan Page, Jr. appeals from the May 19, 2023 order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

A detailed recitation of the factual background is not relevant to our disposition and need not be reiterated in full here.  In sum, Appellant was captured on video surveillance shooting the decedent, Marcell Jakeem Flemings, at a gas station on the evening of January 15, 2017, killing him. **See** notes of testimony, 1/8/18, at 110-115.

The PCRA court summarized the procedural history of this case as follows:

---

[*] Former Justice specially assigned to the Superior Court.

Following a jury trial, [Appellant] was convicted of [third-degree murder, recklessly endangering another person, possessing instruments of crime, and firearms not to be carried without license, 18 Pa.C.S.A. §§ 2502(c), 2705, 907, and 6106(a)(1), respectively,] on January 8, 2018. On February 21, 2018, [Appellant] was sentenced to an aggregate 25 years and 8 months to 51 years and 4 months incarceration. A post-sentence motion was denied on February 28, 2018. [Appellant's] direct appellate rights were reinstated on December 11, 2018. Following a remand from the Superior Court, a time credit issue was corrected. The Superior Court otherwise affirmed [Appellant's] convictions, his sentence, and the trial court's decision to not give a jury instruction for voluntary manslaughter. The Pennsylvania Supreme Court denied [Appellant's] Petition for Allowance of Appeal on July 16, 2020. [*See Commonwealth v. Page*, 227 A.3d 380 (Pa.Super. 2020), *appeal denied*, 237 A.3d 388 (Pa. 2020).] The instant PCRA Petition was filed on October 11, 2021.

PCRA court opinion, 5/19/23 at 1 (footnotes omitted).

On April 25, 2022, the PCRA court conducted an evidentiary hearing on this matter, during which Appellant's trial and appellate counsel[1] testified. Thereafter, on May 19, 2023, the PCRA court entered an opinion and order dismissing Appellant's petition. This timely appeal followed on June 13, 2022.[2]

Appellant raises the following issue for our review:

 I.   Did the [PCRA court] commit an abuse of discretion and reversible error by failing to grant

_____

[1] Appellant was represented at his jury trial by Stephen Sebald, Esq. and Eric Hackwelder, Esq.; Jessica Fiscus, Esq. represented Appellant on direct appeal.

[2] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

[Appellant] a new trial due to ineffective assistance of trial and appellate counsel?

Appellant's brief at 1 (extraneous capitalization omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Patterson**, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

**I.**

Appellant first argues that his trial counsel were ineffective for failing to properly advise him on his right to testify on his own behalf nor call him as a witness "in an effort to substantiate the request for a voluntary manslaughter instruction." Appellant's brief at 5.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for

his action or inaction; and third, that Appellant was prejudiced."

*Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), *appeal denied*, 104 A.3d 523 (Pa. 2014).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original), citing 42 Pa.C.S.A. § 9543(a)(2)(ii).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), *appeal denied*, 30 A.3d 487 (Pa. 2011).

Upon review, we find that Appellant's claim fails because he failed to satisfy the first and second prongs of the aforementioned ineffectiveness test; namely, that the claim had arguable merit and that trial counsel had no reasonable strategic basis for their inaction. The record reflects that Attorney Hackwelder testified at the PCRA hearing that he instructed Appellant on his right to testify and specifically advised him not to do so. *See* notes of testimony, 4/25/22 at 49.

Attorney Hackwelder intimated that due to Appellant's prior convictions and the surveillance video of the shooting, it was his belief that testifying would not have been in Appellant's best interests:

> Q. Why would it have been disastrous [if Appellant testified]?
>
> A. He had **crimen falsi**. I thought with the facts of this case, the video, that we were lucky to get a third degree. We fought very hard for it. I wanted to get the voluntary manslaughter instruction, I thought it was appropriate, but we didn't. But, no, I mean, had he testified I feared that we wouldn't have got the result that we did, to be honest with you. Not just because of the **crimen falsi**, but for other reasons I felt that had he testified it wouldn't have been in his best interest. And he was aware of that.

Notes of testimony, 4/25/22 at 49-50.

The PCRA court found Attorney Hackwelder's testimony credible. PCRA court opinion, 5/19/23 at 2. Based on the foregoing, Appellant's first ineffectiveness claim must fail.

**II.**

Appellant next argues that his trial counsel were ineffective for failing to request that the trial court conduct a colloquy on whether he desired to testify on his behalf, nor object to the trial court's failure to do so. Appellant's brief at 12. This claim is meritless.

Our review of the record establishes that Appellant has failed to demonstrate that this claim had arguable merit. It is undisputed that the trial

court instructed Appellant with regard his right to testify on multiple occasions

at trial, and Appellant acknowledged that he understood these rights:

> THE COURT: That means you don't have to testify or you don't have to present evidence. That's entirely up to you. Do you understand that?
>
> [Appellant]: Yes.
>
> THE COURT: Now, the decision whether or not to testify has to be your decision. Your lawyer can advise you one way or the other, but this is your trial so it has to be your decision whether or not to testify. I'm not going to put you on the spot and ask you now. But when the Commonwealth rests its case, assuming that it goes to jury, I'll be asking you if you want to testify. So just give it some thought.
>
> [Appellant]: Okay.

Notes of testimony, 1/5/18 at 178-179

> THE COURT: All right. Now, if you elect not to testify, which is entirely up to you, the jury will be instructed that you have an absolute right founded on the constitution not to testify. Do you understand that?
>
> [Appellant]: Yes.
>
> THE COURT: And that they cannot draw any adverse inference from the fact that you didn't testify. In other words, they can't hold it against you and say you must be guilty because you didn't testify. Do you understand that?
>
> [Appellant]: Yes sir.
>
> THE COURT: Do you have any questions about anything that I've just explained to you?
>
> [Appellant]: No sir.

Notes of testimony, 1/8/18 at 86-87.

Based on the foregoing, it is clear that Appellant was sufficiently informed of this right to testify and that Appellant's ineffectiveness claim in this regard must fail.

**III.**

Appellant next argues that his trial counsel were ineffective in failing to have him reevaluated for competency or raise a mental infirmity defense at trial. Appellant's brief at 13-14.[3] Appellant further avers that both his trial and appellate counsel were ineffective in failing to challenge the trial court's initial competency determination in post-sentence motions and/or on direct appeal. *Id.*

Upon review, we find that Appellant has failed to demonstrate that his trial and appellate counsel had no reasonable strategic basis for their inactions. Specifically, the record reflects that Attorney Sebald testified at the PCRA hearing that when he met Appellant prior to trial, he seemed to "understood what was going on when we went over where he was at with the case and trial strategy." Notes of testimony, 4/25/22 at 35-36. Attorney Sebald further testified that he did not have Appellant reevaluated for competency because he did not believe the issue had merit. *Id.* at 37.

Attorney Hackwelder, in turn, testified that although he was aware of Appellant's mental health history, they had a reasonable strategic basis for

---

[3] The record reflects that the trial court found Appellant competent to stand trial following the completion of a March 31, 2017 competency hearing.

- 7 -

electing not to seek another competency evaluation or pursue an insanity or metal infirmity defense:

> Q.  … [Appellant's] claim that you should have or could have raised a mental health -- mental infirmity defense or insanity defense; did you ever consider that?
>
> A.  No.  An insanity defense is very difficult to win, number one, and we had a different strategy had the competency evaluation -- which ended up being denied, he was found competent -- we knew where we were going after that.  But insanity wasn't considered because of the very slim possibility of ever achieving a not guilty verdict. And because he was found competent I think the chances of us convincing the Court or finding somebody that he was insane at the time would have just been ridiculous.

*Id.* at 47-48.

Appellant's direct appeal counsel,  Attorney Fiscus, also testified at the PCRA hearing that she could have raised Appellant's competency on appeal, but made the strategic decision to only raise those issues that were most likely to prevail.  *Id.* at 69.  The PCRA court found the testimony of Attorneys Sebald, Hackwelder, and Fiscus credible.  PCRA court opinion, 5/19/23 at 2, 7-8.

It is well settled that "counsel is entitled, as a matter of strategy, to forego even meritorious issues in favor of issues he believes pose a greater likelihood of success." *Commonwealth v. Johnson*, 139 A.3d 1257, 1276 n.9 (Pa. 2016).  Based on the foregoing, Appellant's contention that his trial

- 8 -

and appellate counsel rendered ineffective assistance in failing to pursue these claims must fail.

## IV.

In his final claim, Appellant argues that his consecutive, standard range sentences were excessive and his trial and appellate counsel were ineffective in failing to raise this argument on his behalf. Appellant's brief at 14-15.

Preliminarily, we note that as a general rule, the PCRA does not provide relief for discretionary aspects of sentence claims. *See Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa.Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008) ("Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA." (citations omitted)).

Herein, we find Appellant's ineffectiveness claims fail as he has again failed to demonstrate that the underlying sentencing claim is of arguable merit. The PCRA court comprehensively discussed this issue in its May 19, 2023 opinion, reasoning as follows:

> Judge [William R.] Cunningham presided over the trial, had the benefit of a presentence report and took into account all relevant factors at the time of sentencing, as well as the seriousness of the offenses and the protection of the community. Specifically, the sentences were all in the standard range and it is always within the court's discretion to make sentences consecutive or concurrent.

PCRA court opinion, 5/19/23 at 12-13 (citation omitted).

The PCRA court's rationale is supported by competent evidence and is clearly free of legal error. Accordingly, we adopt the PCRA court's analysis as our own for purposes of appellate review of this issue.

Based on all of the foregoing, we affirm the May 19, 2023 order of the PCRA court dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/29/2024