J-S36045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY BRIGGS | : | |
| | : | |
| Appellant | : | No. 572 MDA 2024 |

Appeal from the PCRA Order Entered February 12, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000532-2018, CP-22-CR-0000111-2018

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED NOVEMBER 07, 2024**

Appellant, Harry Briggs, appeals *pro se* from the post-conviction court's February 12, 2024 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

Briefly, Appellant pled guilty on June 24, 2019, at docket number CP-22-CR-0000532-2018 (hereinafter "case 532-2018"), to one count of robbery (threatening immediate serious bodily injury) under 18 Pa.C.S. § 3701(a)(1)(ii). That same day, Appellant also pled guilty to multiple other offenses in a separate case docketed at CP-22-CR-0000111-2018 (hereinafter "case 111-2018"). On September 18, 2019, the court sentenced Appellant in case 532-2018 to a term of 7 to 14 years' incarceration. In case 111-2018, the court imposed an aggregate term of 8 to 16 years' incarceration, consecutive to the sentence imposed in case 532-2018. Thus, Appellant's

aggregate sentence is 15 to 30 years' incarceration. Appellant did not file a post-sentence motion or a direct appeal.

Instead, on July 13, 2020, Appellant filed a *pro se* PCRA petition. Therein, he contended that his plea counsel acted ineffectively for the following reasons:

> My lawyer specifically told me that he couldn't argue or object to issues about my case simply because he just won a case and the [District Attorney] was upset about that! This made no sense at all, and secondly, he rushed me into an open plea in which he failed to inform me about the conditions and consequences of the type of plea I was signing. I did not intelligently and knowingly enter into this plea[.] My lawyer led me with the false impression that he was representing me with the best of his ability and this was not the case at all[.] Also, I asked to withdraw my plea prior to sentencing[.]

*Pro Se* PCRA Petition, 7/13/20, at 4.

The PCRA court appointed counsel, but after that attorney took no action on Appellant's behalf for several years, new counsel was appointed in April of 2023. On August 29, 2023, that attorney filed a petition to withdraw, explaining that Appellant's claim that his plea was not knowing, voluntary, or intelligent was belied by the record of the plea proceeding. On January 4, 2024, the PCRA court issued a "Memorandum Opinion and Order" notifying Appellant of its intent to grant counsel's petition to withdraw and to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907.[1] On January 24,

---

[1] This document is not included in the certified record, but it is attached to the PCRA court's Rule 1925(a) opinion. Appellant clearly received this Memorandum Opinion and Order, as he filed a *pro se* response thereto*.*

2024, Appellant *pro se* filed a 44-page, handwritten, single-spaced response to the court's Rule 907 notice. On February 12, 2024, the court issued an order granting counsel's motion to withdraw and dismissing Appellant's petition.

Appellant filed a timely, *pro se* notice of appeal.[2] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but it issued a Rule 1925(a) opinion stating that it was relying on its January 4, 2024 opinion to support its dismissal of Appellant's petition.[3]

_____

[2] Appellant filed a single notice of appeal listing both docket numbers of his two underlying cases, in violation of Pa.R.A.P. 341 and ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (holding that appellants are required to file separate notices of appeal when single order resolves issues arising on more than one lower court docket). However, the PCRA court's order dismissing Appellant's petition stated that he could "file **an** appeal within 30 days of this order." Order, 2/12/24, at 1 (single page; bold emphasis added, italicized emphasis and unnecessary capitalization omitted). In ***Commonwealth v. Stansbury***, 219 A.3d 157 (Pa. Super. 2019), this Court concluded that a breakdown in the operation of the court occurs when a PCRA court advises petitioners that they can pursue appellate review by filing a single notice of appeal, even though the order disposes of petitions pending at multiple docket numbers. ***See also Commonwealth v. Larkin***, 235 A.3d 350, 352-54 (Pa. Super. 2020) (*en banc*) (reaffirming ***Stansbury***). Accordingly, here, we conclude that a breakdown occurred as described in ***Larkin*** and ***Stansbury***, which excuses Appellant's noncompliance with ***Walker***.

[3] On May 29, 2024, the PCRA court filed a supplemental opinion stating that on May 28, 2024, it had received a *pro se* "Motion for Leave to File Late 1925(B) Statement" from Appellant, with a Rule 1925(b) statement attached thereto. The court stated that it had reviewed Appellant's concise statement and concluded that its analysis in its prior opinion fully disposed of the claims he asserted therein.

On July 23, 2024, Appellant filed his *pro se* appellate brief, which fails to comply with the Pennsylvania Rules of Appellate Procedure. Namely, Appellant's single-spaced, handwritten brief does not contain a Statement of Questions Involved (Pa.R.A.P. 2116), Statement of the Case (Pa.R.A.P. 2117), Summary of Argument (Pa.R.A.P. 2118), or Argument (Pa.R.A.P. 2119). Instead, Appellant's brief begins with a Statement of Jurisdiction (Pa.R.A.P. 2114), and then has two pages of numbered paragraphs that seemingly set forth the procedural history of this case, as well as several arguments regarding plea counsel's alleged ineffectiveness. *See* Appellant's Brief at 2-3 (unnumbered). Appellant then includes a section entitled "Issues for Review[,]" with the following three claims below that heading:

(a) Plea [c]ounsel failed to object to the trial court's participation in plea negotiations.

(b) Plea [c]ounsel unlawfully induced [Appellant] into a plea that was not knowing, voluntary[,] and intelligent where [Appellant] was mislead [*sic*] by erroneous advice about a court-accepted plea bargain agreement of a 7 to 14[,] or 8 to 16[,] year sentence.

(c) Plea [c]ounsel unlawfully induced [Appellant] into a plea that was not knowing, voluntary[,] and intelligent where plea counsel did not properly explain an open guilty plea colloquy process, [and] provided erroneous advice with respect to [the] sentence duration and sentencing discretion.

*Id.* at 3 (unnumbered).

The remainder of Appellant's brief is a reproduction of his 44-page, *pro se* response to the PCRA court's Rule 907 notice. Again, that document is handwritten, single-spaced, and contains numbered paragraphs setting forth

- 4 -

various arguments and the procedural history of this case. It is not until page 7, paragraph 42, that Appellant offers any discussion of the three issues set forth above. Despite Appellant's significant briefing errors, we can sufficiently review those three claims; thus, we will not deem them waived on this basis. ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").[4]

However, Appellant's issues are waived on another basis. Notably, Appellant's assertion that his plea counsel was ineffective for not objecting to the court's alleged participation in the plea negotiations, and his claim that he was misadvised about the sentence he would receive, are waived because Appellant did not raise these issues in his *pro se* PCRA petition. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Although Appellant presented these claims in his *pro se* response to the court's Rule 907 notice, this Court has made clear that a defendant may not assert, in his response to a Rule 907 notice, "entirely new claims that he could have presented prior to his response to the notice of

---

[4] Nevertheless, we will not scour the pages of numbered paragraphs set forth in Appellant's brief to discern, and then develop, any other arguments that he may be attempting to raise therein. ***See Hardy***, 918 A.2d at 771 ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review."). Instead, Appellant's failure to delineate any such claims, and fully develop them, waives them for our review. ***Id.***

intent to dismiss. Rather, 'the response is not itself a petition, and the law still requires leave of court to submit an amended petition.'" ***Commonwealth v. Miranda***, 317 A.3d 1070, 1076 (Pa. Super. 2024) (cleaned up). Because, here, Appellant did not seek leave to file an amended petition, or raise in his *pro se* petition his claims that plea counsel ineffectively failed to object to the court's participation in the plea negotiations, or that counsel erroneously advised Appellant regarding his sentence, those issues are waived.

Within his third issue, Appellant also claims that his plea counsel rushed him into pleading guilty and failed to answer many questions he had about his plea and sentencing. We consider this claim preserved for our review. ***See*** *Pro Se* PCRA Petition at 5 (stating counsel "rushed me into an open plea in which he failed to inform me about the conditions and consequences of the type of plea I was signing").

> Before addressing the merits of Appellant's argument, we recognize:
>
> Our standard in reviewing a PCRA court order is abuse of discretion. We determine only whether the court's order is supported by the record and free of legal error. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. We will not disturb the PCRA court's findings unless the record fails to support those findings.
>
> A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty.
>
>> We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. The voluntariness of the plea

depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

In order for [an a]ppellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. [The a]ppellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

Moreover, trial counsel is presumed to be effective. Additionally,

[w]ith regard to prejudice, … we [have] noted that to succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial. The 'reasonable probability' test is not a stringent one. … [A] reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Patterson*, 143 A.3d 394, 397-98 (Pa. Super. 2016) (cleaned up).

Here, Appellant has failed to demonstrate that his counsel's purported ineffectiveness caused him to enter an involuntary plea. Appellant does not explain what questions or concerns he had about the plea process or sentencing that his attorney failed to answer. He also does not point to anywhere in the record that he expressed those alleged concerns or questions to the court during the plea colloquy or sentencing. Instead, Appellant confirmed during the plea colloquy that he understood the charges he was facing, the maximum penalties that could be imposed, and the rights he was

giving up or limiting by pleading guilty. *See* N.T. Plea, 6/24/19, at 2-3. Appellant confirmed that he had completed, signed, and understood "completely" a written plea colloquy. *Id.* at 3. The facts of Appellant's cases were then stated by the Commonwealth, *id.* at 3-6, and Appellant stated that he was pleading guilty. *Id.* at 6. At no point did Appellant indicate that he had questions or did not understand what he was doing, and he did not file any motion to withdraw his plea after it was entered.

Furthermore, at the outset of Appellant's sentencing hearing, the Commonwealth stated that "[t]here was no negotiation for [a] sentence." N.T. Sentencing, 9/18/19, at 2. The Commonwealth then expressed that it was seeking a sentence of 15 to 30 years' incarceration. *Id.* at 4. Appellant listened to one of the victims speak, *id.* at 5-8, and then apologized to the victims and accepted responsibility for his actions. *Id.* at 11. Again, Appellant did not indicate at any point that he was confused, had questions or concerns, or that his plea had been involuntary. Appellant also did not file a post-sentence motion to withdraw his plea.

Based on this record, we discern nothing that would suggest that Appellant's plea was not knowing, intelligent, and voluntary. Accordingly, he has failed to demonstrate that his plea counsel acted ineffectively.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>11/07/2024</u>